## SUTTON *et al.* v. CONSOLIDATED APEX MINING CO. *et al.*

1. Where the notice of appeal and undertaking for costs are properly served and filed as required by Comp. Laws, § 5219, and the bond given is sufficient, the appellate court has jurisdiction of an appeal from the judgment directing payment of money, whether the undertaking for stay of proceedings authorized by Section 5220 is given or not.

2. In an action to foreclose a first mortgage one of the plaintiffs held a second mortgage on the premises. The decree adjudged that certain liens were prior to both mortgages, and from that part of the decree plaintiffs appealed. The premises were then sold under the decree, and were bought by one of the plaintiffs as trustee for the others, and enough was bid to pay the mortgage, the lien claims, and costs. *Held,* that the sale

was not ground for dismissing the appeal as to all the plaintiffs except the one who held the second mortgage, since the dismissal would have resulted in giving the lien claimants a precedence as against those plaintiffs, and if the other plaintiff succeeded in his appeal, his mortgage lien would have taken precedence over the lien claims, and the amount due the claimants would necessarily have been deducted from the amount due the other appellants on the first mortgage.

3. The appellate court will disregard a second additional abstract, served by appellant without leave, after the expiration of the 15 days specified in Sup. Ct. Rule 15, and promptly returned by the adverse party for that reason.

4. In the absence of any showing to the contrary, it will be presumed that a notice of appeal was addressed to and served on all necessary parties.

5. A party whose interests will not be affected by the reversal or modification of a judgment from which an appeal has been taken, is not an adverse party, within Comp. Laws, § 5215, requiring the notice of appeal to be served on the adverse party.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Pennington county. Hon. LEVI MCGEE, Judge.

Action to foreclose a mortgage by George A. Sutton and others against the Consolidated Apex Mining Company and others. From a judgment adjudging certain liens prior to the mortgage, plaintiffs appealed. After a sale of the mortgaged premises under the decree, a motion was made to dismiss the appeal. Denied.

*Fowler, Cull & Whitfield,* for appellants.

*Chas. W. Brown* and *Wood & Buell,* for respondents.

CORSON, J. This case comes before us on two motions on the part of respondents to dismiss the appeal taken herein by the plaintiffs and one Evans, who was both plaintiff and de-

fendant. The first motion which we shall consider is made upon the following grounds: (1) That no sufficient undertaking has been given, and this question is also raised and directed separately to the appeal on the part of the appellant Evans; (2) that appellants cannot, in law, appeal, because the decree was procured upon their motion, and they thereby consented to and have acquired benefits thereunder; (3) that since the entry of the judgment and decree the mortgaged premises have been sold pursuant to the decree, and were bought by the appellant Charles R. Price, as trustee for the first mortgage lienholders, and in satisfaction of the sum awarded to them by the trial court; and that sufficient was bid for the said property to pay all the costs of trial and sale and of receiver's expenses, and to cover the sums awarded to respondents John J. Farrar, the Pennington County Bank, and the Congdon Hardware Company, besides a small sum to apply on the second mortgage lien of the appellant Henry L. Evans. In order to understand the nature of the motion it will be necessary to make a brief statement of the facts involved in the case. The plaintiffs, some 24 in number, who were the holders of bonds to the amount of $25,000, secured by a first mortgage executed by the Consolidated Apex Mining Company, instituted an action to foreclose said mortgage, and made some thirteen other individuals and corporations parties defendant. Henry L. Evans was made plaintiff by reason of his ownership of a portion of the bonds secured by the said first mortgage, and he was made defendant by reason of being the holder and owner of second mortgage bonds upon the property to the amount of $25,000. John J. Farrar claimed a miner's lien upon the property, which had been assigned to

the Pennington County Bank as security; and the G. S. Congdon Hardware Company claimed a mechanic's lien upon the said property. On the trial the court found that the defendant Farrar had a miner's lien for $927, which the court adjudged to be a prior and superior lien to the lien of the plaintiff's first mortgage, and also to the second mortgage. The court also found that the said Congdon Hardware Company had a mechanic's lien for $1,179, which it adjudged to be a prior and superior lien to the mortgage of plaintiffs, and also to the said second mortgage. From that part of the judgment adjudging these liens prior and superior to the first and second mortgages, plaintiffs and said Evans, as defendant, appeal to this court. It further appears that at the time of the entry of the decree the court appointed one William H. La Bee as receiver, and he was authorized and required to make a sale of the mortgaged property, which, it appears from the affidavits which were read in support of the motion, was carried out, and from which sale was realized the sum of $37,982. The undertaking on appeal was executed under the provisions of Section 5220, Comp. Laws, and not under Section 5224, which provides: "If the judgment appealed from direct the sale of mortgaged premises, the execution thereof shall not be stayed by the appeal, unless an undertaking be executed on the part of the appellant." No question is raised on the part of the respondents as to the sufficiency of the undertaking on appeal for costs provided for in Section 5219, *Id.* When such an undertaking is given, this court has jurisdiction of the appeal; and whether or not the undertaking is sufficient to stay the proceedings is not a matter that affects the jurisdiction of this court. We do not deem it necessary, therefore, in this

case, to decide the question as to the validity of the under-taking on appeal for the purpose of staying the proceedings on appeal.

The second ground of the motion—that said appellants cannot appeal from the said judgment, because the same was procured upon their motion and application, and they con-sented thereto—is not, in our view, sustained by the evidence submitted on the motion.

The third ground of the motion is entitled to more con-sideration. It appears that since the entry of said judgment the mortgaged property has been sold pursuant to said decree of foreclosure, and purchased by one Charles R. Price, as trustee for said plaintiffs and appellants; and that sufficient money has been realized from said foreclosure sale to satisfy all the costs and disbursements of this action, expenses of the sale, and pay said miners' and mechanics' liens, as well as the full amount due on the appellants' first mortgage. This being so, there would seem to be no further controversy between the appellants (except said Evans and Halley, as trustee) and the said Farrar, the Pennington County Bank, and the Congdon Hardware Company, as it might seem, at first view, to be a matter of indifference to the appellants as to whether the min-ers' and mechanics' liens take precedence over the second mortgage lien. But upon examination it will be found to be a matter of some importance to the appellants as to which of the liens takes precedence, for, if the appeal as to the appel-lants, except said Evans and Halley, trustee, shall be dis-missed, then the miners' and mechanics' liens would, as against the appellants, take precedence; while, if the appel-lant Evans should succeed in his appeal, his mortgage lien

would take precedence, and the amount of the miners' and mechanics' liens would necessarily have to be deducted from the amount due the appellants. It will thus be seen that the appellants might be compelled to submit to a loss of upward of $2,000 if their appeal should be dismissed. We are of the opinion, therefore, that the fact that the property has been sold, and enough realized from the sale to pay the appellants' first mortgage bonds and the miners' and mechanics' liens, would not justify us in dismissing the appeal on the part of the plaintiffs and appellants. The motion to dismiss the appeal, therefore, as to the plaintiffs and appellants, must be denied.

The second motion made to dismiss the appeal as to the defendant Henry L. Evans seems to be based upon the same proposition that the undertaking on apppeal was not sufficient to stay the proceedings in the action, but, as we have before stated, this is no ground for dismissing the appeal, as the jurisdiction of this court over the appeal is given when the notice of appeal and undertaking for costs are properly served and filed. Hence it is not necessary for us, on this motion, to determine the question of the sufficiency or insufficiency of the undertaking on appeal to stay the proceedings. And it is not material whether the undertaking for costs required by Section 5219 is contained in the same instrument with the undertaking for the stay of proceedings, or is in a separate instrument. Section 5231, Comp. Laws.

The counsel for respondents, in their argument before this court, contend that the appeal in this case should be dismissed for the reason that the Apex Mining Company was not made a party to the appeal, but it is very doubtful if that question is

before us.   No motion was made to dismiss  upon that ground, and it does not affirmatively appear from the original additional abstract on the part of  respondents  that the Apex Mining Company was not served with notice of appeal, and made a respondent herein.   The additional abstract was filed within 15 days after the appellants' abstract was served and filed.  The second additional abstract,  however, claimed  to  have been served upon the part of the  respondents, was  not served until more than 30 days had elapsed after the  service  of  the appellants' abstract, and no motion was made to this court, or leave obtained, to serve the same after the  expiration of the 15 days specified in rule 13 of this  court.   The  second additional abstract was promptly returned  to  the  respondent's  counsel by the counsel for the appellants, with  notice  that they declined to receive the same.   We are of the opinion, therefore, that we must disregard respondent's second additional  abstract  as not being before us on this motion.  The  appellants assert in their abstract that on  January 5, 1899, the plaintiffs and the defendant Henry L. Evans duly served and filed a notice of appeal and undertaking on  appeal.   In the absence of any showing to the contrary, this court will presume that the notice was addressed to and served upon all the necessary parties in the action.   It is true that appellants, in giving title to the cause in the abstract, say: "Of whom John J. Farrar, the Pennington County Bank, a corporation, and the G. S. Congdon Hardware Company, a  corporation,  are  alone the respondents." Assuming that the title may be regarded as a  part of appellants' abstract, and that in fact the defendant Apex Mining Company was not a party to this appeal, we are still of the opinion that the appeal should not be dismissed.   We are un-

able to say in what manner the Apex Mining Company is interested in this appeal, or occupies the position of the adverse party. That company has taken no appeal, and presumptively, therefore, is satisfied with the judgment and decree of the court. It is difficult to see in what manner that corporation could be injuriously affected by the modification or reversal of the decree. In Senter v. DeBernal, 38 Cal. 640, the supreme court of California, by SANDERSON, J., defines the term "adverse party," as used in Section 335 of their Code of Practice, being substantially the same as Section 5215 of the Compiled Laws of this state. "Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken, is, we think, an adverse party, within the meaning of the provisions of the Code, irrespective of the question whether he appears upon the face of the record in the attitude of plaintiff, or defendant, or intervener." Hayne, New Trials & App. § 210. In Thompson v. Ellsworth, 1 Barb. Ch. 627. Chancellor Walworth uses the following language: "The adverse party * * * means the party whose interest in relation to the subject of the appeal is in conflict with the reversal of the order or decree appealed from or the modification sought for by the appeal." And this rule has been approved by the supreme court of New York since the adoption of the Code of Civil Procedure. Cotes v. Carroll, 28 How. Prac. 436 Our Code allows any and every party who is aggrieved to appeal without joining any one else, without regard to the character of the judgment against him, whether joint or several; and in this respect works a change from the former practice. But he is required to serve a notice of his

appeal on all other parties to the action who are interested in opposing the relief which he seeks by his appeal, if such parties have formally appeared in the action in the court below, or his appeal as to those not served will prove ineffectual, and also as to those served, if the relief sought is of such a character that it cannot be granted as to the latter without being granted as to the former. The term "adverse party," as thus defined, would not, in our opinion, include the Apex Mining Company. That corporation, by the terms of the decree, is made liable for any deficiency that may arise on the sale of the mortgaged premises under either or both of the mortgages, and, in case the decree ajudging precedence to the miners' and mechanics' liens be reversed, that corporation would be liable for the amount of the liens. The amount, however, which the corporation would be required to pay would neither be increased nor diminished by the reversal or modification of the decree in this case. It would seem, therefore to be a matter of no interest to the Apex Mining Company as to whether the appellants or respondents succeed on this appeal. It will not, therefore, be affected by the reversal or modification of the judgment. A large number of authorities have been cited bearing upon this question by the respective counsel, but in the view we take of the case, a review of these authorities does not seem necessary. The motion to dismiss the appeal is denied.