## BUSH V. FROELICH *et al*.

1. The president of a loan company was trustee in a trust deed owned by the company which it assigned to plaintiff according to its custom in making loans, and plaintiff sent the interest coupons to the company for collection as they matured, but, instead of collecting them, the company paid them from its own funds, and held them against the mortgagor, who failed to pay the same. The mortgagor also failed to pay the taxes on the property, which were paid by the president of the company as trustee, as authorized by the deed, but no notice of the mortgagor's failure to pay either the interest or taxes was ever given to plaintiff, so as to enable her to have foreclosed the deed, as provided therein. *Held*, that since the company and its officers, under such facts, occupied a confidential relation towards plaintiff, and as such were required by Comp. Laws, § 3915, to act with the highest good faith towards her, the company was not entitled to claim priority out of the proceeds of a sale of the property on foreclosure for the taxes and interest paid by it before the foreclosure proceedings were instituted.

2. Where a loan company collected interest on loans secured by mortgage assigned by it to plaintiff, and acted as her agent with reference thereto, it had no right to purchase the land at tax sale, and hold the title so acquired as against plaintiff, though it had not guarantied the loan.

3. Where a loan company acted as the agent of plaintiff, to whom it had assigned a mortgage loan, in collecting interest, etc., and, after foreclosure proceedings had been brought, paid taxes due, which were a lien on the land, the company was entitled to be reimbursed by plaintiff for the amount so paid.

4. Where a loan company had paid taxes due on mortgaged land after the institution of proceedings to foreclose a mortgage which it had assigned to its principal, but which it had not guarantied, and claimed a lien therefor, plaintiff was not entitled to a decree that, if the land did not sell for enough to pay the taxes and her lien with interest, she should have judgment against the company for the balance, since the company, not having guarantied the loan was not liable for any deficiency.

(Opinion filed November 21, 1900.)

Appeal from circuit, court, Kingsbury county. HON. JULIAN BENNETT, Judge.

Action by Ella J. Bush against Henry J. Froelich and others to recover a money judgment and a decree declaring the same a first lien on land purchased by defendant the Valley Land & Irrigation Company at a mortgage foreclosure sale, and for an injunction restraining the delivery of tax deeds to such lands to the defendant irrigation company, and that the land be sold to satisfy plaintiff's claim. From a decree in favor of plaintiff, both parties appeal. Affirmed.

*Pyle* and *Taylor,* for defendants.

The contention of plaintiff is, that the mortgage company was in such a fiduciary capacity to the plaintiff, that it could not obtain a tax title as against her, and that it acts in the capacity of a trustee, and that whatever title it obtains, must be for her benefit. This would be true if it did not leave out the important fact that in order to charge the North American Loan & Trust Company as a trustee, it is necessary for the plaintiff to pay, or offer to pay it back, the money it has advanced for the protection of the trust security. The plaintiff is not entitled to secure the benefit of the taxes paid for the protection of her property without repaying to appellants the amount of such taxes with interest. § 3949 Comp. Laws; Smith v. Lewis, 20 Wis. 350; Lybrand v. Haney, 31 Wis. 230; Oswold v. Wolf, 21 N. E. 839; Bowman v. Corkrill, 6 Kan. 311; Ins. Co. v. Butte, 7 N. W. 707; Disty on Taxation, 146, 929, 931; Sheean v. Shaw, 47 Iowa, 411; Curtis v. Smith, 42 Iowa, 665; Bank v. McIntosh, 131 Mass. 489; Arthurs v. King, 94 Pa. St. 165; Cox v. Gibson, 27 Pa. St. 165; Blackwood v. Bleitt, 30 Mich. 118; Hemingway v. Drew, 47 Mich. 554; Seaver v. Cobb, 98 Ill. 200; Sturdevant v. Mather,

20 Wis. 577; Williams v. Townsend, 31 N. Y. 315; Walthall v. Rives 34 Ala. 91; Harrison v. Roberts, 6 Fla. 711; Shoup v. Railroad, 34 Kan. 547; Seymour v. Harrison, 52 N. W. 114; Ward v. Matthews, 22 Pac. 187; Atkins v. Dickson, 1 S. W. 13; Beach, Trusts, § 510; Fischbeck v. Gross, 112 Ill. 208.

*Charles S. Whitney* and *James T. Cooley,* for plaintiff.

While as a general proposition the trustee in this case had the right to pay taxes and to be reimbursed therefor, yet that right was purely equitable and was forfeited by his inequitable acts in failing to advise plaintiff of the payment, thus jeopordizing her security and depriving plaintiff of her legal rights. Comp. Laws § § 3912, 3915, 3920, 3934, 3941.

The defendants having used plaintiff's note to purchase this land became personally responsible therefor and the land security. 2 Pom. Eq. §§ 1042, 1044, 1048, 1049, 920; Buck v. Swazry, 56 Am. Dec. 681; Bank v. Milling Co., 47 N. W. 403.

Corson, J. This action was commenced by the plaintiff in May, 1894, and findings and judgment were rendered in favor of the plaintiff. The defendants, Hole, Miller, the Valley Land and Irrigation company, and the North American Loan and Trust Company have appealed to this court from the judgment, and the plaintiff has also appealed from the same. The case was before this court on a former appeal, on demurrer to the complaint, and is reported in 8 S. D. 353, 66 N. W. 939. The findings of the court are voluminous, and we shall only attempt to give a brief summary of them. The court finds that in 1886 there was a partnership doing business and negotiating loans under the name of the Dakota Farm Mortgage Company, which was afterwards succeeded by a corporation of the same name, and this subsequently by the North American Loan &

Trust Company, the officers being practically the same, and the facts pertaining to this case being known and binding upon all of them; that their method of doing business was to take a loan in favor of one of their officers, and a trust deed to secure the same running to another officer as trustee; that the Valley Land & Irrigation Company was composed practically of the same parties as the other companies, being separate in name only; that in October, 1886, the defendant Froelich executed a promissory note in favor of the defendant Miller for $1,650, payable five years after its date, interest payable semi-annually as per coupons annexed thereto; that this note was secured by a trust deed executed upon certain lands in Kingsbury county to J. H. Hole as trustee, who was then a member of the partnership, and who subsequently, when the company incorporated, became its president; that this note and trust deed were, soon after their execution, assigned to the plaintiff, who lived in Pennsylvania, and had no personal knowledge of the land or condition of the loan; that as the coupons fell due the plaintiff forwarded them to the loan company for collection, and forthwith received the money due, supposing the same' to be paid by Froelich, the debtor, and that neither the loan company nor the trustee ever advised her differently until the fall of 1893, some two years after the last coupon was paid to her; that only a part of the first coupon was paid by Froelich, all the balance being paid by the loan companies; that had the plaintiff known of this default on the part of Froelich she would have had the right to have directed the foreclosure of the trust deed and realized all her money, as the property was then sufficient in value to pay the same; that no taxes upon the land were ever paid by Froelich, the debtor, but were paid by the trustee in said trust deed with the money of said companies, and that neither the trustee nor either of the companies informed the plaintiff of the fact that said taxes were not

being paid by Froelich, or that they were being paid by the companies, until about the fall of 1893; that when the principal note fell due in October, 1891, the plaintiff forwarded the same to the loan company for collection, and in December, 1892, without any notice to plaintiff, and without any authority from her, and without advising her in any manner regarding the interest and taxes unpaid, the trustee caused the said trust deed to be foreclosed, and the property, on January 27, 1893, to be sold to the Valley Land & Irrigation Company for the full amount of the principal, interest coupons, and the taxes claimed to have been paid thereon by said trustee, amounting in the aggregate to $3,068.96; that of this sum the interest coupons, taxes, and expenses of sale amounted to about $1,170, which, as before stated, the plaintiff had been led to suppose had been paid promptly by Froelich, the owner of the land; that since the commencement of this action the appellants have paid taxes amounting to $139.92; that the Valley Land & Irrigation Company refused to turn over to the plaintiff said certificate of sale until the said sum of $1,170 and interest thereon should be paid to the loan company. From these findings the court concludes, as matter of law, that the North American Loan & Trust Company, as the successor of the Dakota Farm & Mortgage Company, were voluntary agents and trustees of the plaintiff, and as such bound to protect plaintiff from any loss from nonpayment of taxes by the owner of the land in suit, and as such trustees and agents, together with Hole, trustee named in the trust deed, they were, and each of them was, in duty bound to notify the plaintiff of any nonpayment of taxes; that none of said defendants could acquire any rights by the payment of taxes which would be adverse or superior to the rights of the plaintiff against the land in question under said trust deed, and that any rights that any of the defendants may have acquired against said lands by having paid

taxes thereon prior to the commencement of said action are, under the findings in this case, subject to, and subsequent to, the rights of this plaintiff to have the amount due her paid from this land. The court further concludes that the North American Loan & Trust Company is entitled to $139.92, paid for taxes, with interest thereon from the time of payment, January 14, 1896, and that in case the North American Loan & Trust Company, the Valley Land & Irrigation Company, and J. H. Hole, or either of them, shall pay the plaintiff, on or before April 10, 1899, the sum of $1,650, with interest thereon at 12 per cent. per annum from October 15, 1891, to the date of said payment, less the sum of $139.92, with interest from January 14, 1896, then the action shall be dismissed; but, in case such payment shall not be made, the plaintiff shall pay to the trust company the amount of $139.92, with interest as aforesaid, and the foreclosure proceedings shall stand as a valid foreclosure and judgment in favor of the plaintiff to secure the payment of the mortgage indebtedness as aforesaid.

It will be observed from the conclusions of law that the court refused to allow the defendants any amount paid by them, or either of them, as interest upon the note or taxes upon the property prior to the foreclosure of the mortgage, as against the plaintiff's prior lien. Appellants, as we understand their brief, do not insist that they are entitled to the repayment of any of the interest paid by them, or that it is a lien upon the mortgaged premises superior to the lien of the plaintiff, but they do claim that the taxes paid by them should be repaid, and held to be a lien superior to the lien of the plaintiff, and they base this claim upon the fact that it is provided in the trust deed that said Hole was to hold the land as trustee for said Miller and for any other person who might become the owner of said note, and that, in case there should be at any time during the continuance of

said trust any statutory lien upon said premises or any part thereof, the said trustee or holder of said principal and interest notes, or any part of them, might pay such taxes or assessments, or effect such insurance, or pay such claim, lien, incumbrance, or statutory lien, and the sum or sums so advanced should be immediately due and payable, and should, with interest thereon at 10 per cent. per annum from the time of payment, be deemed to be secured thereby, and the receipts of the proper officers for the payment of such taxes and assessments should be conclusive evidence of the amount and validity of the same. The respondent insists that by the failure of the trustee and of the mortgage company to notify the plaintiff of the fact that the debtor had failed to pay the taxes, and the continuing to pay the same without giving the plaintiff notice that they were so doing, in order that she might have exercised her right of foreclosing the mortgage, was a legal fraud upon the plaintiff, and had the effect of depriving the defendants of their claim for a prior lien on account of the payment of such taxes. It will be observed that the trial court took this view of the payment of these taxes, and held that the defendants were not entitled to be repaid the taxes so paid by them until after the plaintiff should have been first paid the amount due her, and that she should be adjudged to have a prior lien upon the property for the amount so due.

Assuming that the property at the commencement of this action was not of a value sufficient to pay the total amount for which the same was bid in by the Valley Land & Irrigation Company, but was of sufficient value at the time default was made in the payment of interest and taxes by the debtor to have satisfied plaintiff's claims, the failure of the defendants to notify the plaintiff of such default, and the payment of such interest and taxes by the defendants, was calculated to prejudice the rights of the plaintiff. The position of Hole

as trustee was one of confidence, and he was required to act as such trustee in the highest good faith.

Sections 3915, 3921, Comp. Laws, provide as follows: " Everyone who voluntarily assumes a relation of personal confidence with another, is deemed a trustee within the meaning of this chapter, not only as to the person who reposes such confidence, but also as to all persons of whose affairs he thus acquires information which was given to such person in the like confidence, or over whose affairs he, by such confidence, obtains any control." "In all matters connected with his trust a trustee is bound to act in the highest good faith towards his beneficiary, and may not obtain any advantage therein over the latter, by the slightest misrepresentation, concealment, threat or adverse pressure of any kind." It is claimed on the part of the defendants that they paid said taxes and the interest in good faith, believing at the time that the property was amply sufficient to repay the same and the amount of said loan ; but this cannot be held as an excuse for a period of nearly seven years in neglecting to inform the plaintiff that her debtor was in default, and that they were paying the taxes and interest which he had obligated himself to pay. It was the duty of the trustee and of the loan company to have notified the plaintiff, as soon as they were aware of the failure of Froelich to pay either interest or taxes when the same became due, and if, by reason of this failure to so notify the plaintiff, she refrained from directing the foreclosure of her mortgage, and loss is to result to any party from the failure to so foreclose, the defendants should sustain the loss, and not the plaintiff, to the extent, at least, of the interest and taxes so paid.

It is contended on the part of the defendants that, not having guarantied the notes and mortgage assigned to the plaintiff, they owed her no duty and that they had a right to purchase the land

at tax sales, and hold the same as against her; but, under the facts of the case, we cannot recognize any such right. Hole, the president of the company, was trustee in the trust deed, and the coupons as they became due were forwarded to the company for collection, and, occupying these relations to the plaintiff, it became their duty to notify her if the interest and taxes were not being paid by the debtor. Possibly, when a loan company transfers a loan without any guaranty of its payment, and no officer of the company is acting as trustee in the trust deed, and the company does not act as agent of the debtor in collecting the same, it may owe no duty to its transferee, and may, like any other corporation or person, purchase the property at tax sale. But where, as in the case at bar, the president of the company is trustee in the trust deed, and the company accepts the agency of collecting the interest upon the note, the relation is such as to forbid their acquiring any right to the property through a tax sale, or any right to a prior lien upon the property for the repayment of any taxes or interest they may pay. The numerous cases, therefore, cited by the appellants, holding that parties may acquire a tax deed upon the property, are not applicable in this case. We are of the opinion that the court took the correct view in its conclusions of law, and that the claim of the defendants for a repayment of the taxes paid by them before the commencement of this action, as well as the interest paid by them, must be subject to, and subordinate to, the payment of the full claim of the plaintiff, principal and interest, so far as the land will satisfy the same.

The appeal of the plaintiff may properly be disposed of in connection with the appeal of the defendants. The plaintiff at the proper time requested the court to change and modify its conclusions of law as follows: (1) By omitting therefrom that part allowing the defendants to deduct the taxes paid subsequent to the commencement

of the action, so that it will read that the defendants shall have the right to redeem upon payment to the plaintiff of the full amount that is due upon her said note, to-wit: $1,650, and interest at 12 per cent. per annum from the maturity of said note; (2) that that part of the conclusions wherein the court determines. that, if the defendants do not redeem the land in plaintiff's interest, then, and in that case, the land to go to the plaintiff upon her paying the amount of taxes paid by the defendants, and interest thereon subsequent to the commencement of the action, be changed to read that in such case the plaintiff shall take the land charged with all taxes paid by the defendants or any of them since the commencement of this action, .with the right to redeem from said taxes paid, according to the provisions of the statute regulating redemption from tax sales; (3) that a conclusion of law be rendered herein that if said defendants do not redeem said land as provided herein, and if the plaintiff shall elect not to take said land subject to the taxes paid thereon subsequent to the commencement of this action, then, and in that case, said plaintiff to have special execution, and that the land be sold, and out of the proceeds thereof she be paid the amount due her upon said note and interest, and, in case said land shall not sell for enough to pay said expenses of sale and the sum due plaintiff, that she have personal judgment against the defendants for her costs and disbursements, including an attorney's fee of $200, and that she have execution therefor.

As we have already stated, we are of the opinion that the conclusions of law of the court are correct and, after a careful examination of the requested modifications of these conclusions, we are of the opinion that they were properly denied. The amount paid by the defendants to protect the property from tax sale after this action was commenced, and the plaintiff had full opportunity to ascertain the

condition of the property, was properly allowed, and we are of the opinion that the court very properly required payment of this amount before the plaintiff should be entitled to the certificate of sale. The first and second modifications were properly denied. We are further of the opinion that the third modification asked for, which was that, in case the land should not sell for enough to pay the expenses of sale and the sum due plaintiff, then plaintiff to have a personal judgment and execution against the defendants for the deficiency, was properly denied. The defendants, not being guarantors, and no actual intent to prejudice plaintiff's rights being found, cannot properly, we think, be required to answer for any deficiency that may accrue to the plaintiff. The fourth conclusion of law requested by the plaintiff was modified to read $50 instead of $200, and allowed. We see no reason for disturbing this conclusion. The judgment of the court below is affirmed.