SHOLSETH, Respondent, v. INDEPENDENT SCHOOL DIST.
OF BROOKINGS, et al, Appellant.

(227 N. W. 483.)

(File No. 6676.   Opinion filed 'November 19, 1929.)

*Ernest Raley* and *Bailey & Voorhees*, all of Sioux Falls, for Appellant.

*Jones, Matthews & Fitzpatrick* and *Enos G. Jones*, all of Sioux Falls, for Respondent.

POLLEY, J.   One Arp entered into a written contract with the defendant independent school district of Brookings, for the sale and installation of certain steel lockers.   He then made a contract with the appellant, Berger Manufacturing Company, to furnish and deliver said lockers.   Appellant furnished the lockers and delivered them to the school district on or about the 1st day of December, 1926.   Arp failed to pay appellant for the lockers.   On the 21st day of January, 1927, he filed a petition in bankruptcy and on the same day was adjudged a bankrupt.   On this date there was an unpaid balance due from the school district on said lockers of $1,742.50 and on the 28th day of January, 1927, appellant filed with the clerk of the school board a notice of the amount unpaid for the said lockers and claimed a lien on the said $1,742.50.

The plaintiff, Sholseth, was appointed trustee in bankruptcy of the estate of the bankrupt Arp on the 7th day of February, 1927, and brought this action against the school district joining the Berger Manufacturing Company as a defendant for the recovery of said $1,742.50.   The case was tried on an agreed statement of fact.

In its answer, the school district admitted there was a balance of $1,742.50 due on the said lockers which it was ready and willing to pay to such person or persons as the court might direct and determine to be entitled thereto, and in its prayer asked: "That the court may determine who is entitled to the balance owing by this defendant under and by virtue of said contract with the said Arp, and direct to whom this defendant shall pay the said amount or to issue its warrants in payment thereof; and direct this defendant to deposit its warrant or warrants as may be determined by this court, with the clerk of said court for the delivery to the person or persons entitled thereto."

The court found for the plaintiff and entered judgment for him and against the school district and appellant, and decreed that

upon paying to plaintiff the said sum of $1,742.50 the school district would be released from all liability. From this judgment the defendant Berger Manufacturing Company appeals.

At the outset we are met with a question of practice. In taking the appeal herein the appellant addressed its notice of appeal to the plaintiff only, and no notice of appeal was served upon the school district. Plaintiff claims that the school district is a necessary party to the appeal, and that because of the failure to serve the notice of appeal on the school district this court has not acquired jurisdiction of the case and now moves the court to dismiss the appeal.

Under the provisions of section 3146, Rev. Code 1919, "An appeal must be taken by serving on the adverse party * * * a notice * * *." In this case it is the contention of appellant that the school district is not an "adverse party" and that it was not necessary to serve the notice of appeal upon it. In Crouch v. Railway Company et al., 22 S. D. 263, 117 N. W. 145, 146, this court said: "Every party whose interest in the subject-matter of the appeal is adverse to or will be affected by a reversal or modification of the judgment or order appealed from is an 'adverse party.'" But the school district is not interested in the subject-matter of this appeal, and will not be affected by a reversal or modification of the judgment. It admitted in its answer that it was indebted in the amount specified in the judgment, to either appellant or respondent, and in its prayer asked that it might deposit the amount due with the clerk of the court to be paid to whoever the court might find was entitled thereto. The contest between appellant and respondent is: Who is entitled to the money? It is not a matter of concern to the school district who is entitled to it; therefore it will not be affected by a reversal or modification of the judgment, and is not an "adverse party."

In Sutton et al. v. Consolidated Apex Mining Company et al., 12 S. D. 576, 82 N. W. 188, 190, the mining company occupied the same position that the school district does in this case. In deciding whether the mining company was an adverse party, this court said: "The amount, however, which the corporation would be required to pay would neither be increased nor diminished by the reversal or modification of the decree in this case. It would seem, therefore, to be a matter of no interest to the Apex

Mining Company as to whether the appellants or respondents succeeded on this appeal. It will not, therefore, be affected by the reversal or modification of the judgment." It was not necessary in this case to serve the notice of appeal on the school district.

· The appellant contends that it has a lien on the unpaid balance due to the bankrupt from the school district for the said lockers, and that because of such lien its right to the said fund is superior to the right of the trustee in bankruptcy.

Section 1660, Rev. Code 1919, as amended, provides that every person who has furnished labor or material for the construction or repair work for any person who shall have made a contract for such work with a county, or municipal corporation, or school corporation shall have a lien upon all moneys in the control of such county or corporation due or to become due under such contract. In order to protect such lien the labor or material man may within 20 days from the time the labor has been performed or the material furnished file with the officer of such corporation, who is by law made the custodian of its official records a just and true account of the demand due or to become due him. But a failure to file same within the time aforesaid shall not defeat the lien upon the amount remaining due to the contractor at the time of filing. Section 1661, Rev. Code 1919. In this case the account involved was not filed until the 28th day of January, 1927, more than 20 days after the material had been furnished, and after the contractor had filed his petition in bankruptcy; and it is the contention of the plaintiff· that upon his appointment as trustee he succeeded to all the rights of the bankrupt; that the unpaid balance due for the lockers at once became due him (plaintiff) ; and that there was nothing due the contractor (the bankrupt) when appellant filed his account on the 28th day of January. This contention on the part of the trustee is based on the provisions of section 47a of the Bankruptcy Act as amended by Act Cong. June 25, 1910, § 8 (11 USCA § 75(a), which reads as follows: "And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights,

remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

While under the provisions of this statute the rights of the trustee are superior to the rights of the contractor, it is the plain intent of our statute (sections 1660 and 1661) that the rights of creditors and the rights of the contractor himself are subject to the lien of the labor or material man upon any money remaining in the hands of the debtor corporation due under the contract, at the time of the filing of the lien of the subcontractor; therefore in this case the right of the subcontractor to the money involved is superior to right of the trustee in bankruptcy.

The statute gives the materialman a lien superior to the claims of other creditors, for a period of 20 days without any act on his part. If the corporation pays money to the contractor during this period it does so at its peril. After the expiration of this period and until the filing of the lien, the corporation may pay the contractor without risk; but if money due on the contract is still in the hands of the corporation when the lien statement is filed, though after the expiration of the 20-day period, the lien is effectual as to the sum of money still in the hands of the corporation, and the right of the materialman superior to that of the trustee in bankruptcy.

Upon the facts as they appear from this record the Berger Manufacturing Company is entitled to judgment for the $1,742.50 still due on the lockers.

The judgment appealed from is reversed.

SHERWOOD, P. J., and BROWN, J., concur.

CAMPBELL and BURCH, JJ., concur specially.

CAMPBELL, J. (concurring specially). One of respondent's principal contentions is that the rights of a trustee in bankruptcy are broader than the rights of the bankrupt himself, and respondent earnestly urges that by virtue of the provisions of the Bankruptcy Act, and the status of the trustee as therein defined, the trustee should prevail over the subcontractor Berger Manufacturing Company (appellant herein), even though the contractor Arp himself could not have so prevailed had there been no bankruptcy.

The rights of the trustee with reference to the debt from the

school district to the bankrupt Arp, whether due or to become due, are defined by section 47a of the Bankruptcy Act, as amended in 1910 (11 USCA § 75 (a), reading as follows: "And such trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

It is thus apparent that the right of the trustee is broader in some respects than the right of the bankrupt himself, and the decisions are uniform in so holding.

It is obvious, however, that the right of the trustee, though it may be broader than the right of the bankrupt, is fundamentally based upon the right and interest of the bankrupt.

Section 1660, Rev. Code 1919, as amended by chapter 221, Laws 1925, reads as follows: "Every person who shall perform labor or furnish any materials, supplies or labor used in connection with or consumed in the carrying on of any work for the construction or repair of any work for any county or municipal or public school corporation in this state to any person who shall have made any contract for such work with such county or corporation, upon complying with the provisions of this article shall have for his labor done or materials or supplies furnished a lien upon all moneys in the control of such county or corporation due or to become due under such contract."

And section 1661, Rev. Code 1919, reads: "Every person wishing to avail himself of the provisions of this article shall, within twenty days after the material furnished by him shall have been furnished or the work done by him shall have been performed, file with the officer of such county or corporation, who is by law made the custodian of its official records a just and true account of the demand due or to become due him, after allowing all credits, and verified by his affidavit. But a failure to file the same within the time aforesaid shall not defeat the lien upon the amount remaining due to the contractor at the time of filing. If any person who shall have performed labor or furnished materials as provided in this article shall procure from the contractor a settlement and state-

ment of his account, signed by the contractor and verified by his own affidavit, the same may be filed and shall have the same force and effect as the account heretofore mentioned."

Construing these two sections together, it seems to me that the net result is that, as between the subcontractor and the contractor, and all persons claiming by, through, or under the contractor, there is no limit as to the time that the lien statement may be filed so long as any money remains in the hands of the public corporation due or to become due to the contractor. During the first 20 days the subcontractor has an inchoate claim upon "all moneys in the control of such county or corporation due or to become due under such contract," and during that period the county or corporation makes any payment to the principal contractor at its peril. After the expiration of 20 days, if no lien statement has been filed in the meantime by the subcontractor, the county or corporation may freely pay to the principal contractor and runs no risk by reason of so doing; but if, in fact, it has not paid and the subcontractor files a lien at a time when the county or corporation still has under its control money due or to become due on the contract, I think his lien reaches that money. In other words, as to whatever money may in fact be there, I think our statute contemplates that the lien shall be good whenever filed. I believe the interest of the principal contractor in moneys due or to become due from the county or corporation is at all times, until he actually receives such money, an interest which is in its very nature subject to the filing of a lien by a subcontractor at any time up to and until the money actually gets out of the hands of the county or corporation. And I think that this is the only interest that the contractor could assign or transfer or that a creditor of the contractor could reach by attachment, garnishment, or levy of execution, namely, an interest subject always to the possibility that a subcontractor may file a lien statement at any time before the fund actually gets out of the control of the county or corporation. And if the subcontractor does file such lien statement at a time when there is any fund still in the hands of the county or corporation, even though such filing is subsequent to the 20-day period, I think he acquires a lien thereon superior not only to any claim of the contractor but superior to the rights of any prior assignee of the contractor or any attaching or judgment creditor of the contractor. This seems to

me to be the construction of our statute interpreting the two sections together.

Therefore, conceding that the rights of the trustee are broader than the rights of the bankrupt himself and that he stands in the position of a creditor of the bankrupt, holding a lien by levy or equitable proceedings, nevertheless such lien can be only upon the actual interest of the bankrupt which under our statute is, at all times until the entire fund actually gets out of the hands of the county or corporation, an interest subject to be defeated or reduced by the filing of a mechanic's lien by a subcontractor.

Upon these considerations I concur in the view that the judgment appealed from should be reversed.

BURCH, J., joins in the foregoing special concurrence.