LUCEY, Respondent, v. VILHAUER, Appellant.

(264 N. W. 203.)

(File No. 7749.   Opinion filed December 21, 1935.)

F. M. *Scoblic*, of Tyndall, and *H. A. Doyle* and *Frank Biegelmeier*, both of Yankton, for Appellant.

C. C. *Puckett*, of Yankton, and *Shull & Stilwill*, of Sioux City, Iowa, for Respondent.

ROBERTS, J. This action was brought by plaintiff against Christ Vilhauer and Robert Wildermuth alleging that defendants, copartners in the retail hardware business at Tripp, S. D., authorized plaintiff to take possession of their stock of merchandise, to sell the same, and apply the proceeds to the payment of claims of creditors of the partnership; that plaintiff thereupon took possession, sold the property, and deposited the proceeds in a bank selected by the parties; that prior to the commencement of this action all the creditors of the partnership assigned their claims to the plaintiff; and that notwithstanding the agreement defendant Vilhauer will not permit the disbursement of such proceeds. The prayer in the complaint is for an accounting; that the proceeds be adjudged to belong to plaintiff as assignee of creditors; that defendant Vilhauer be directed to execute such instruments as may be necessary to effect the disbursement of the proceeds to plain-

tiff; and that judgment be entered against the defendants for the deficiency.

After the overruling of his demurrer to the complaint, defendant Vilhauer filed an answer denying that he was ever a partner with Robert Wildermuth in the retail hardware business, alleging fraud and misrepresentation inducing the execution of the agreement set forth in the complaint and alleging that an instrument executed and filed in the office of the register of deeds purporting to transfer to him a one-half interest in the hardware stock including the good will of the business was intended as a chattel mortgage.

Findings and conclusions were in favor of plaintiff, and from judgment and order denying motion for new trial defendant Vilhauer has appealed.

Respondent has moved in this court to dismiss the appeal on the ground that notice of appeal was not served upon defendant Wildermuth. Notice of appeal must be served on a party whose interest in the subject-matter of the appeal is adverse to or will be affected by the reversal or modification of the judgment or order from which the appeal has been taken if he has appeared in the action in the trial court. Section 3146, Rev. Code 1919; Sutton v. Consol. Apex Min. Co., 12 S. D. 576, 82 N. W. 188; Crouch v. Dak., W. & M. R. R. Co., 22 S. D. 263, 117 N. W. 145; Fergen v. Lonie, 50 S. D. 328, 210 N. W. 102. Judgment having been entered against defendant Wildermuth upon default in appearance, he was not entitled to be served with notice of appeal. The motion to dismiss the appeal is denied.

The evidence discloses that Paul Wildermuth and his two sons, Otto and Richard, were the proprietors of this hardware store under the firm name of Wildermuth Hardware Company. They became financially involved, and when an execution upon a judgment for approximately $5,000 against the firm was issued in March, 1924, defendant Vilhauer paid the amount of the judgment in consideration of the transfer of a one-half interest in the business to his son-in-law, Robert Wildermuth. The transfer was made, and Robert and his father, Paul Wildermuth, became the sole members of the firm and continued the business under the same firm name. Vilhauer having advanced at different times additional amounts to

pay obligations of this firm conferred in June, 1927, with Henry Klatt, president of the Dakota State Bank of Tripp, with reference to such payments. It is the testimony of Vilhauer that on this occasion he requested Mr. Klatt to prepare a chattel mortgage upon the one-half interest of Paul Wildermuth in the hardware business. An instrument was prepared which purports to transfer to Vilhauer an undivided one-half interest in and to the stock of merchandise of the hardware firm including the good will of the business. This was signed by Paul Wildermuth and filed in the office of the register of deeds. Vilhauer continued to finance this business enterprise and has paid obligations of the firm amounting to approximately $27,000.

It further appears from the evidence that in October, 1930, E. W. Klempnauer, a representative of one of the creditors of the hardware firm, conferred with Vilhauer regarding the payment of a claim. Defendant Vilhauer complained to Klempnauer that his son-in-law did not give proper attention to the business and that he was not willing to make further advances. In response to a telephone call from Klempnauer, plaintiff went to Tripp and there conferred with defendants. Klempnauer testified: "Mr. Lucey and I explained the terms of the contract to Mr. Vilhauer. We told Mr. Vilhauer there would be a deficiency and we would have to incorporate into this contract that he would be liable for the deficiency. We called in a young man who was working in the bank and he proceeded to draw this contract at the dictation of Mr. Lucey. I had something to do with some of the dictation in part." The contract thus prepared and set fort in the complaint was signed by defendants. It reads as follows:

"By this agreement Christ Vilhauer and Robert Wildermuth as individuals state that they are desirous of dissolving the Copartnership trading under the style of the Wildermuth Hardware Company of Tripp, South Dakota.

"By this agreement we appoint P. A. Lucey manager of the Interstate Association of Credit Men and we convey to him full power of attorney to proceed at once with the liquidation of the copartnership to sell and dispose of all of the assets by public or private sale in bulk or in parcels all the merchandise consisting chiefly of shelf hardware, stoves, and such other merchandise as is now

contained in the building located on Lot nine and Lot ten (9 & 10) in Block eight (8) City of Tripp, South Dakota, together with all fixtures and equipment contained in the same building.

"All of the proceeds received from said sale of merchandise and fixtures shall be deposited daily in the Dakota State Bank, Tripp, South Dakota and a full report made as to the conduct of sales daily. Said monies cannot be withdrawn from bank only upon the signatures of P. A. Lucey and Christ Vilhauer.

"By this agreement we the copartners request that the Interstate Association of Credit Men or P. A. Lucey write to each and every one of the creditors as listed in Exhibit A attached hereto requesting said creditors to file with the Interstate Association of Credit Men or P. A. Lucey a full and complete statement verified as to any indebtedness owing to them by the Wildermuth Hardware and after said claims are filed they shall be subject to approval and acknowledged by the Wildermuth Hardware Company as to their correctness.

"It is further agreed that the proceeds of this sale after deducting the costs of said sale shall be divided prorata between the creditors whose claims are duly filed and allowed.

"It is further agreed that we the copartners will make immediate arrangements for the payment of any and all deficiencies that may be owing after the proceeds of the sale have been disbursed.

"By this agreement Robert Wildermuth one of the parties whose signature is hereto attached is to receive from Christ Vilhauer whose signature is hereto attached all right, interest and title to all of the plumbing, tinning and furnace tools together with all supplies and materials such as pipe fittings, sheet-iron, spouting, bath room fittings, faucets and such other merchandise as has been the practice of Robert Wildermuth to use in the conduct of that portion of the copartnership business relating to the plumbing and tinsmith work. It is further to be agreed that Robert Wildermuth will have the use and occupancy of that building located on the south eighteen feet of Lot nine in Block eight at a monthly rental of fifteen dollars per month for the purpose of conducting by himself only, a plumbing and tinsmith shop.

"By this agreement we give notice to all parties of interest that

the Wildermuth Hardware Company a copartnership consisting of Christ Vilhauer and Robert Wildermuth by mutual consent request of each of the parties dissolve the copartnership.

"Dated at Tripp, South Dakota, this 9th day of October 1930."

An employee of plaintiff was immediately placed in charge of the store. An inventory was taken, the stock of merchandise was sold, and the proceeds deposited in the Dakota State Bank of Tripp. With reference to the assignment of claims plaintiff testified: "I paid nothing for the assignments of those claims. We had a collection department. This was being handled on a basis of ten per cent, of the amount of money paid to the creditors that filed their claims with us. Since the time I was in Tripp I have gathered in these claims received in evidence. I took the assignments of the claims to have the legal title to them so as to enforce this action and bring suit in one name."

It is the contention of appellant that the instrument which is the basis of this action and under which plaintiff proceeded with the liquidation of the assets of the Wildermuth Hardware Company created an agency, and that plaintiff cannot maintain this action by reason of a trust relationship. Respondent, on the other hand, takes the position that the agreement is in the nature of an assignment for the benefit of creditors. The agreement does not purport to be made by insolvents or to include all of the property of the firm and is otherwise defective as a statutory assignment for the benefit of creditors. Section 2045 et seq., Rev. Code 1919. An absolute transfer distinguishes an assignment from an agency. Sandmeyer v. Dak. F. & M. Ins. Co., 2 S. D. 346, 50 N. W. 353. The agreement confers "full power of attorney to proceed at once with the liquidation of the copartnership," but does not purport to transfer title to the property described therein to plaintiff. We must conclude that defendants intended to appoint an agent and not to pass title to plaintiff by assignment. See Brown v. Holcomb, 9 N. J. Eq. 297; Beans v. Bullitt, 57 Pa. 221; Banning v. Sibley, 3 Minn. 389 (Gil. 282). We must declare the meaning of language written in the instrument and not what may have been intended to be written, having in mind a distinction between evidence which aids interpretation and evidence of intention independent of the instrument.

■ ■ The law is well settled that the relation of an agent to his principal is one of confidence and trust. It is the duty of the agent to act with the utmost good faith for the best interest of his principal in all dealings concerning or affecting the subject matter of the agency, and he must not place himself in such relations that his own interests or the interests of others whom he represents may become antagonistic to those of his principal. It matters not how fair the conduct of the agent may have been nor that the principal was not injured. These principles find illustration in the rule that an agent authorized to sell or exchange his principal's property may not, without the latter's consent, become the purchaser, or if employed to buy, he may not be the seller. Durand v. Preston, 26 S. D. 222, 128 N. W. 129. An agent authorized to collect interest on a loan secured by a real estate mortgage has no right to acquire and hold an adverse tax title. Bush v. Froelich, 14 S. D. 62, 84 N. W. 230. An agent cannot take advantage of information obtained by him during the course of his agency to acquire for himself, without his principal's consent, title to land on which he is foreclosing a mortgage for his principal, since it places him in a position where his interest might be antagonistic to those of his principal. Johnson v. Knappe, 24 S. D. 407, 123 N. W. 857. Further illustration is found in the rule that an agent employed to settle a debt against his principal is precluded from taking an assignment to himself and enforcing it against his principal for the full amount. Mechem on Agency, §§ 1215, 1219; Albertson v. Fellows, 45 N. J. Eq. 306, 17 A. 816; Noyes v. Landon, 59 Vt. 569, 10 A. 342; Reed v. Norris, 2 Myl. & C. 361, 40 Eng. Rep. 678.

■ Plaintiff secured assignments of the several claims for the purpose of enabling collection in one action. It was agreed that he was to retain a percentage of the collections for his services. He paid no consideration for these claims and had no other interest than his commissions contingent upon collection. It does not appear that either of the defendants consented to these transactions. This course of dealing with creditors was entered upon by plaintiff notwithstanding the part of the written agreement upon which he instituted this action wherein he agreed to request a verified claim from each creditor and submit the same to defendants for

approval. The burden was upon plaintiff to show that defendants had knowledge and gave their consent to the acquiring of such adverse interest. Mechem on Agency, § 1221.

We have reached the conclusion upon this record that plaintiff cannot prevail.

The judgment and order appealed from, in so far as they affect appellant, are reversed.

WARREN, P. J., and RUDOLPH, J., concur.

CAMPBELL, J., (dissenting) When Christ Vilhauer and Robert Wildermuth appointed P. A. Lucey as their agent or trustee or representative for the liquidation of the Wildermuth Hardware Company, they knew that he already represented, and would continue to represent, their creditors. Whatever Lucey may have been, whether agent, trustee, or what not, he was acting for and in behalf of all concerned with the knowledge and consent of all. Lucey did not represent exclusively either the debtors or the creditors, and his only obligation was to deal fairly with all of them and there is neither claim nor contention that he has not so done. Appellant raises no question as to the validity or amount of the claim of any of plaintiff's assignors. The only real controversy between the parties of this litigation is whether or not the writing of October 9, 1930, is binding upon Christ Vilhauer according to its terms. All parties interested in having that controversy determined were before the court (the several creditors by virtue of their assignments to Lucey), and the controversy was fully submitted to the court and a decision rendered upon the merits. I think that decision was entirely correct.

If I understood the majority opinion correctly, it turns a reversal solely upon the single proposition that Lucey is barred by public policy from representing the interests of creditors as party plaintiff in this case whether as assignee or otherwise. The only practical result of this decision will be that the creditors will assign their claims to some one else and the same parties will again present the same controversy on the merits to the same court, the only change being that there will be a different nominal plaintiff. Conceding that it would have been better if the creditors had selected some one other than Lucey as assignee to represent them as plain-

tiff, yet no one has been harmed or prejudiced thereby, and it seems to me futile, expensive, and time wasting to require this case to be started and tried all over again. I believe therefore that the judgment appealed from ought to be reviewed by this court upon the merits and affirmed.

POLLEY, J., concurs in this dissent.