#25223-dis-JKK
**2009 SD 111**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

In the Matter of the Eunice Thomas Reese Trust,
Trust Agreement dated 02/23/93, as Amended
by and between Eunice Thomas Reese, as Grantor
and Eunice Thomas Reese, as Trustee,
and Marquette Bank, of South Dakota,
N.A., as Successor Trustee.

Enchanted World Doll Museum,
as a former beneficiary of the
Eunice Thomas Reese Trust and
an Interested Party,                                    Appellant,

   v.

CorTrust Bank, N.A., Trustee of the
Eunice Thomas Reese Trust,                              Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE THIRD JUDICIAL CIRCUIT
BEADLE COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE VINCENT A. FOLEY
Judge

\* \* \* \*

Dennis R. Padrnos                      Attorney for appellant
Mitchell, South Dakota                 Enchanted World Doll Museum.


Trudy A. Morgan                        Attorneys for appellee
Morgan, Theeler LLP                    CorTrust Bank.
Mitchell, South Dakota


\* \* \* \*
                                       ARGUED
                                       November 18, 2009

                                       OPINION FILED 12/22/09

#25223

KONENKAMP, Justice

[¶1.]        Trustee CorTrust Bank moves to dismiss Enchanted World Doll Museum's appeal of the circuit court's order assuming court supervision of a trust, reforming the trust, and distributing trust assets to a new beneficiary. The motion is granted and the appeal is dismissed.

## Background

[¶2.]        In 1993, Eunice Thomas Reese established a trust to benefit and provide income to the Enchanted World Doll Museum in Mitchell, South Dakota. A contingency of the trust was that Enchanted World become a qualified charitable organization. Enchanted World did so and began to receive income from the trust.

[¶3.]        Reese died in December 1993. CorTrust Bank eventually became a successor trustee of the Reese Trust. Before the trial court's action in this matter, the Board of Directors of Enchanted World determined that the museum would cease operations. The board began to sell the museum's assets and to wind up its affairs. As a result, CorTrust filed a petition requesting that the court: assume supervision of the Reese Trust; determine the initial purpose of the trust had become impossible to fulfill; terminate the trust; and distribute the trust assets in accord with the cy pres doctrine and SDCL 55-9-4.[1] As part of its petition, CorTrust requested that the court distribute the trust assets to the Mitchell Area Charitable Foundation[2] (the foundation) as a community chest type of organization mentioned

---

1.    The principles of the cy pres doctrine as reflected in SDCL 55-9-4 are discussed below.

2.    According to CorTrust's petition, the Mitchell Area Charitable Foundation has an endowed fund administered and retained by the South Dakota Community Foundation.

as an alternative beneficiary under the terms of the trust. Enchanted World objected, arguing that the purpose and mission of the foundation differed from those of the museum. Enchanted World requested that the trust assets be distributed instead to the United Federation of Doll Clubs, Inc. of Kansas City, Missouri.[3]

[¶4.]        A hearing on CorTrust's petition was held on January 26, 2009. The circuit court subsequently entered findings of fact, conclusions of law, and an order that the trust assets be distributed to the foundation to make income distributions to qualified charitable entities for the purposes of establishing and operating a museum for the display of dolls having historical, artistic, or other value. Enchanted World filed a notice of appeal of the circuit court's order but failed to serve the foundation with its notice. CorTrust moved to dismiss the appeal because of the failure to serve the foundation. This Court held the appeal in abeyance and directed further briefing and oral argument on CorTrust's motion to dismiss.

### Analysis and Decision

[¶5.]        The question we must decide is whether the Mitchell Area Charitable Foundation was a party that Enchanted World Doll Museum was required to serve with its notice of appeal. SDCL 15-26A-4 sets forth the steps for taking an appeal to this Court. SDCL 15-26A-4(3) provides in pertinent part: "The appellant, or his or her counsel, shall serve the notice of appeal and docketing statement on counsel of record of each *party* other than appellant, or, if a *party* is not represented by counsel, on the *party* at his or her last known address." (Emphasis added). Failure

---

3.    Enchanted World would later assign its interest in the trust to the United
       Federation of Doll Clubs.

#25223

to timely serve and file a notice of appeal is jurisdictionally fatal to the appeal.

Hardy v. W. Cent. Sch. Dist. No. 49-7, 478 NW2d 832, 834 (SD 1991)(citing W.

States Land & Cattle Co., Inc. v. Lexington Ins. Co., 459 NW2d 429, 432 (SD 1990)).

[¶6.] Typically, the parties to a case can be identified by referring to the

parties named in the captions on the pleadings and other formal legal documents

filed in the proceeding. This is not necessarily true, however, in a case such as this

captioned, "'In the Matter of,' rather than 'John Doe v. Frank Roe.'" *See* Reliance

Ins. Co. v. Public Service Commission, 250 NW2d 918, 926 (ND 1977)(recognizing

that identifying the named parties to a proceeding can be difficult where the

proceeding is entitled "In the Matter of"). In this case, therefore, the substantive

law on parties in trust proceedings must be consulted to identify the parties that

Enchanted World was required to serve with its notice of appeal.

[¶7.] This was a cy pres proceeding.

> Roughly speaking, [cy pres] is the doctrine that equity
> will, when a charity is originally or later becomes
> impossible or impracticable of fulfillment, substitute
> another charitable object which is believed to approach
> the original purpose as closely as possible. It is the theory
> that equity has the power to revise a charitable trust
> where the settlor had a general charitable intent in order
> to meet unexpected emergencies or changes in conditions
> which threaten its existence.

Ronald Chester, George Gleason Bogert & George Taylor Bogert, *The Law of Trusts*

*and Trustees* § 431 (3d ed 2005).

[¶8.] With regard to parties in a cy pres proceeding:

> Notice of the pendency of a cy pres application should be
> and customarily is given to the general public, inviting
> suggestions as to a substitute plan, and institutions or
> persons seeking to secure benefits from the application

are heard and sometimes permitted to intervene. If the settlor is living, he should be consulted and his suggestions considered. *Unsuccessful claimants of the fund should not be allowed to appeal from a decree exercising the cy pres power.* The court allows costs and counsel fees in its discretion.

A suit to secure the application of cy pres may be brought by the trustee or a sub-trustee, or by the Attorney General or other public official authorized to represent the public, in his own name or on the relation of interested persons. In a few cases, individuals or institutions which hoped to get benefits from the alteration and enforcement of the trust have been allowed to sue, but these cases are still regarded as somewhat abnormal and in some instances were based on the lack of any objection to the parties plaintiff. . . .

* * *

If the suit for cy pres application is brought by the Attorney General, the trustee will be a necessary party defendant; and if the trustee is the plaintiff, the Attorney General should be joined as a defendant. Sometimes the settlor, if living, or those succeeding to his property interests on his death, are named as defendants in order to prevent them from claiming that they have resulting trust interests on failure of the trust and to bind them by decree, although they may not be necessary parties.

*Possible future beneficiaries of the charity need not be named as defendants, since they are represented by the Attorney General. Likewise, prospective new trustees or possible new absolute holders of the property are not necessary defendants in a cy pres application.*

*Id.* at § 441 (emphasis added).

[¶9.]     Under these general principles, the foundation was not a party to CorTrust's cy pres proceeding that Enchanted World was required to serve with its notice of appeal. Enchanted World also was not a party entitled to file a notice of appeal since it was merely a representative of an unsuccessful claimant of the fund or of a possible future beneficiary of the fund.

-4-

[¶10.]        We do not resolve this case under general principles, however, because South Dakota law on the cy pres doctrine has been codified at SDCL 55-9-4.[4]  *See id.* at § 433, n 6 (citing SDCL 55-9-4 and South Dakota as a jurisdiction where the legislature has reduced the cy pres principle to statutory form).   SDCL 55-9-4 provides:

> Whenever it shall appear to the circuit court for the proper county that the purpose and object of such charity is imperfectly expressed, or the method of administration is not indicated or is incomplete or imperfect, or that the fulfillment of the special purpose expressed in a trust for charitable or public purpose is or becomes impracticable, impossible, inexpedient or unlawful, such court shall upon the application of any trustee of the trust, or any interested party or the attorney general of this state, and upon such notice as said court may direct, make an order directing that such trust shall be administered or expended in such manner as in the judgment of said court will, as nearly as can be, accomplish the general purposes of the instrument and the object and intention of the donor without regard to, and free from any, specific restriction, limitation or direction contained therein, provided, however, that no such order shall be made without the consent of the donor of said trust if he is then living and mentally competent.

[¶11.]        SDCL 55-9-4 appears in SDCL chapter 55-9 on charitable trusts. SDCL chapter 21-22 sets forth the procedures for administration of trust estates. The chapter applies to "all trusts if any part of the trust estate has its situs within

---

4.        The attorney general's role has also been codified at SDCL 55-9-5:  "The attorney general shall represent the beneficiaries in all cases arising under this chapter, and it shall be his duty to enforce such trusts by proper proceedings in the courts."

this state or if the trustee or a beneficiary resides in this state . . . ."  SDCL 21-22-2.

The circuit court here specifically found that the situs of the trust estate was in

Davison County, South Dakota.

[¶12.]    SDCL 21-22-13 provides that a trustee may petition a court for action

on any matter on which courts of equity previously exercised jurisdiction over

trustees.  This encompasses an equitable action such as a cy pres proceeding.  Upon

the filing of a petition for such a proceeding, a court must fix a time and place for

hearing and cause notice to be given as required within the chapter.  SDCL 21-22-

13.  SDCL 21-22-17 similarly provides that notice of all hearings on all petitions

filed must be given as provided within the chapter.  Central to the inquiry here,

SDCL 21-22-18 sets forth the persons who must be served with notice of a hearing

on a petition.  It provides:

> The notice provided by § 21-22-17 shall be served upon
> trustees, *beneficiaries*, and attorneys of record, either
> personally or by mail, addressed to each at his or her last
> known post office address as shown by the records and
> files in the proceeding, at least fourteen days prior to the
> hearing unless the court for good cause shown directs a
> shorter period.

SDCL 21-22-18 (emphasis added).  A "beneficiary" is defined by SDCL 21-22-1(1) to

include:  "any person *in any manner interested* in the trust, including a creditor or

claimant with any rights or claimed rights against the trust estate . . . ."  (Emphasis

added).

[¶13.]    Here, from the time CorTrust filed its petition requesting that the

court distribute the trust assets to the Mitchell Area Charitable Foundation, it was

clear that the foundation had some manner of interest in the trust.[5] Certainly by the time the circuit court entered its final order distributing the trust assets to the foundation, the foundation had at least a manner of interest in the trust. Even more damaging to Enchanted World's position, the circuit court entered specific findings on the names, residences, and post office addresses of all persons interested in the trust including the foundation. Despite that finding and the provisions of SDCL 21-22-18, Enchanted World acknowledges that it failed to serve its notice of appeal on the foundation. In fact, the circuit court found some thirteen persons or entities interested or potentially interested in the trust of which Enchanted World served only two with its notice of appeal, CorTrust and the attorney general.

[¶14.]	Failure to serve a notice of appeal on a party before the time for taking an appeal has expired is fatal to the appeal and requires its dismissal. *See* Long v. Knight Const. Co., Inc., 262 NW2d 207 (SD 1978)(citing Morrell Livestock Co. v. Stockman's Comm'n Co., 77 SD 114, 86 NW2d 533 (1957)). Enchanted World argues that this rule applies only to parties actually appearing in the case before the circuit court and that the foundation made no appearance before the circuit court here. In support of its position, it relies on a series of cases holding that status as a party entitled to service of a notice of appeal is contingent upon the party's actual appearance and participation in the proceedings before the circuit court. *See* Sutton v. Consol. Apex Mining Co., 12 SD 576, 82 NW 188 (1900); Fergen v. Lonie, 50 SD 328, 210 NW 102 (1926); Lucey v. Vilhauer, 64 SD 54, 264 NW 203

---

5.	CorTrust served its petition on a number of parties and persons potentially interested in the trust including the foundation.

(1935); Ziegler v. Ryan, 66 SD 184, 280 NW 658 (1938). The relevant holdings in these cases, however, were expressly overruled in *Morrell*, 77 SD at 118, 86 NW2d at 536.

[¶15.]        In *Morrell*, we specifically focused on the issue of whether a notice of appeal must be served on a party who failed to appear or participate in the trial of the case. We noted that there were conflicting decisions by courts on this issue based upon the relevant statutory language of different states. We further noted that the South Dakota statute made no exception for service on parties not appearing[6] and that the general rule under similar statutes was that the appearance or default of a party was "immaterial" to the issue of entitlement to service. *See id.* We found it significant that the judgment appealed from in *Morrell* vested rights in the party not served and held that the party was entitled to rely upon those rights and that they should not be taken without notice. *Id.* We did recognize *Sutton* and the additional cases now relied upon by Enchanted World, but dismissed as "mere dictum" their language limiting entitlement to service of a notice of appeal to parties actually appearing in an action. *Id.* We concluded:

> It is apparent that this court in the above cases overlooked the fact that a right could arise from the judgment that did not exist before, a right which cannot be denied to a party to the judgment without notice regardless of his failure to appear in the action or suit. In so far as the above decisions hold that notice of appeal need be served only upon such parties as have appeared in the action, they are expressly overruled.

*Morrell*, 77 SD at 119, 86 NW2d at 536.

---

6.        The applicable rule still makes no such exception. *See* SDCL 15-26A-4(3).

[¶16.] The considerations leading to our conclusion in *Morrell* are also present here. The final judgment of the circuit court distributing the trust assets to the foundation vested rights in that organization that cannot be denied without notice, regardless of its failure to appear in the action or suit before the circuit court.

[¶17.] Having failed to timely serve all parties entitled to service of its notice of appeal, the Enchanted World Doll Museum's appeal must be dismissed. *Long*, 262 NW2d 207; *Morrell,* 77 SD 114, 86 NW2d 533.

[¶18.] Appeal dismissed.

[¶19.] GILBERTSON, Chief Justice, and ZINTER, MEIERHENRY, and SEVERSON, Justices, concur.