UNION BOND AND MORTGAGE COMPANY, Respondent, v. BROWN, Appellant.

(267 N. W. 228.)

(File No. 7924. Opinion filed May 26, 1936.)

Sterling, Clark & Grigsby, of Redfield, and W. M. Potts, of Mobridge, for Appellant.

Longstaff & Gardner, of Huron, for Defendant H. P. Brown.

PER CURIAM. For a former opinion in this case, see same title, 64 S. D. 352, 266 N. W. 720. Following the filing of the prior decision which dismissed the appeal as to the defendant H. P. Brown, in so far as it purported to be an appeal from the order overruling the motion for a new trial, the defendant A. H. Brown moved this court to remand the record to the circuit court that he might serve notice of intention to move for a new trial, transcript, and specifications of error upon the defendant H. P. Brown, and thereby lay the foundation for appealing from an order denying a motion for a new trial so far as the defendant H. P. Brown is concerned. The facts are disclosed in the former opinion with the exception that it now appears that defendant H. P. Brown never served notice of entry of judgment upon the defendant A. H. Brown. A. H. Brown maintains that, until he has been served with notice of the entry of judgment by the defendant H. P. Brown, the time provided in section 2557, R. C. 1919, within which a notice of intention to move for a new trial must be served, does not commence to run against him so far as defendant H. P. Brown is concerned. It stands conceded that the defendant A. H. Brown was served with notice of entry of judgment by the plaintiff and thereafter served notice of intention and took other necessary steps to move for a new trial as against the plaintiff. Thereafter A. H. Brown served notice of appeal upon the plaintiff, and also upon H. P. Brown.

We are convinced that the above state of facts constitutes "knowledge plus conduct" on the part of A. H. Brown, which constituted a waiver of the service of the notice of entry of judgment by the defendant H. P. Brown within the meaning of Fuller v. Anderson, 50 S. D. 568, 210 N. W. 992.

In view of the fact that A. H. Brown has asked that the record

be remanded only for the purpose of making a motion for a new trial and perfecting an appeal therefrom, should the decision thereon be adverse as to him, and this court being of the opinion that the lower court has no jurisdiction at this time to entertain such motion because of the limitation provided in section 2557, R. C. 1919, the application for the remand of the record will be, and the same hereby is, in all things denied.

All the Judges concur.