LYMAN COUNTY *v.* BOARD OF COMMISSIONERS OF LYMAN COUNTY.

1. Since Comp. Laws, § 610, authorizing the state's attorney to appeal to the circiut court from the action of the county commissioners on claims against the county when seven taxpayers of the county demand it does not require that such demand shall recite that those who sign it are taxpayers, it will be presumed, in the absence of proof to the contrary that persons signing such demand are taxpayers of the county.

2. Where an appeal is taken by a state's attorney under Comp. Laws, § 610, the cause should be docketed in the circuit court in the name of the claimant against the county, and not in the name of the county against the commissioners.

3. Where an appeal is taken by a state's attorney under Comp. Laws, § 610, notice of such appeal must be served on the claimant, in order to give the court jurisdiction, though section 611, requiring such notice

to be served on the county commissioners, does not expressly require it.

(Opinion filed April 2, 1901.)

Appeal from circuit court, Aurora county. HON. FRANK B. SMITH, Judge.

Appeal by Lyman county from a decision of the board of county commissioners of said county. From a judgment for the county, the commissioners appeal. Dismissed.

The facts are stated in the opinion.

*I. N. Auld* and *S. H. Wright,* for appellants.

*John G. Bartine,* for respondent.

HANEY, J. One Isaac Dirks, presented a claim to the commissioners of Lyman county for certain services performed by him for the county, upon which the sum of $90 was allowed. Upon the following written demand, the state's attorney attempted to appeal from the decision of the board to the circuit court: "State of South Dakota, county of Lyman. In the matter of the allowance of $90 for fixing up of Auditor's Books. Whereas, the board of county commissioners of Lyman county did on the 7th day of September, 1897, allow Isaac Dirks the sum of $90 for correcting the 1896 tax lists, and whereas, we believe said work to be worth not to exceed fifteen dollars, we hereby request and demand the state's attorney of Lyman county, S. D., to appeal from the said action of said board allowing $90 for that work, to the circuit court in and for said county. [Signed.] Fred V. Hotchkiss. Jay Wellman. Klaus Finstad. T. B. Strong. R. Schnert. K. Muller. C. W. Burrows." The notice of appeal appears to have been served upon one member of the board, but not upon the claimant. The cause was docketed in the circuit court with the same title it bears in this court. When the matter was called for trial in the circuit court, the commissioners moved to dis-

miss the appeal for the reason that it did not appear upon the face of the demand upon the state's attorney that the persons whose names were subscribed thereto were taxpayers. This motion was denied, a motion to direct a verdict in favor of the commissioners was also denied, and the jury found that Dirks' services were reasonably worth $45. A judgment having been rendered wherein the commissioners were directed to issue a warrant for $45 upon the surrender of the warrant for $90 previously ordered, and an application for a new trial having been denied, the commossioners appealed to this court.

In order to understand the features of this peculiar proceeding, it is deemed advisable to set forth the following provisions of the statute at length (Comp. Laws.) :

"SECTION 610.   From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any person aggrieved, upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk, conditioned that the appellant will prosecute his or her appeal without delay, and pay all costs that he or she may be adjudged to pay in the said district court: said bonds shall be executed to the county and may be sued in the name of the county upon breach of any condition therein : *provided that any district attorney upon the written demand of at least seven taxpayers of the county, shall take an appeal from any action of the board of county commissioners of any county within his district when said action relates to the interests or affairs of the county at large or any portion thereof, in the name of the proper county, when he deems it to the interest of the county to do so; and in such case no bond shall be required or given, and upon serving the notice provided for in Section 611, the county clerk shall proceed the same as if a bond had been filed, and*

*his fees for making the transcript shall be paid as other claims by the county.*

"SEC. 611.    Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners ; and the county clerk shall, upon the filing of the bond and the payment of his fees allowed by this chapter, as hereinafter provided, make out a complete transcript of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court.

"SEC. 612.    Said appeal shall be filed by the first day of the district court next after such appeal, and said cause shall stand for trial at such term.

"SEC. 613.    All appeals thus taken to the district court shall be docketed as other causes pending therein, and the same shall be heard and determined *de novo*.

"SEC. 614.    The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by mandamus or attachment as for contempt."

The words "district court" and " district attorney," where they occur in the statutes, were changed to "circuit court" and "state's attorney" in 1891.    Laws 1891, Chap. 4.    The italicized words in section 610 were added in 1883.    Laws 1883, Chap. 5.    Prior thereto the county could not appeal.    In making the amendment of 1883 providing for an appeal by the county the legislature inadvertently omitted to expressly provide that where an appeal is taken by the county the notice of appeal shall be served upon the claimant.    The intent of the legislature is evident.    The board of county commissioners is to be regarded as a tribunal to decide disputed claims against the county.

Necessarily the claimant and county are interested in its decisions, and it was intended that either might appeal to the court, where the rights of the claimant could be adjudicated in the same manner that they would be in a suit against the county upon the same cause of action.  The object of the written demand upon the state's attorney is to authorize an appeal on behalf of and for the benefit of the county, not for the purpose of giving the commissioners an opportunity to sustain their own decision.  The statute does not require that such demand shall recite that those who sign it are taxpayers. If, as a matter of fact, the persons who sign the demend are taxpayers, their demand clothes the state's attorney with authority to take the appeal.  In the absence of any showing to the contrary, it should be presumed that whenever a state's attorney takes one of these appeals he is authorized to do so.  And when it is taken the commissioners have no more interest in its result than has the judge of the circuit court in the result of appeals from decisions in his court.  It could never have been intended that commissioners should be placed in the anomolous position occupied by the defendants in this case— of attempting to increase the amount of any claim, or of appealing to this court from a judgment reducing the amount of an alleged claim     against     their     county.     This     cause     should     have been docketed in the circuit court in the name of Dirks against Lyman county, where his cause of action should have been heard and determined precisely as it would have been if he had commenced an ordinary action thereon in that court.  How his claim against the county can be lawfully adjudicated in a proceeding to which he is not a party, and of which he has no notice, is beyond our comprehension.  It is absurd to say that his claim could be reduced by the circuit court from $90 to $45 without his having an opportunity to be heard.  The legislature could not have intended any such ridicu-

lous result, and if it did the procedure would be clearly unconstitutional, as depriving the claimant of his property without due process of law. Const. Art. 6, §§ 2, 20. As it appears from the record before us that the claimant was not notified of the appeal to the circuit court, and that he was not notified of the appeal from that court to this, it follows that neither the circuit court nor this court ever acquired jurisdiction of the claimant's person, or had authority to hear and determine his right to the compensation alleged to be due him from Lyman county.

It will be observed that the amendment of 1883 provides that, "upon serving the notice provided for" in the succeeding section. "the county clerk [now auditor] shall proceed the same as if a bond had been filed." Comp. Laws, § 610. The notice intended is "the written notice" mentioned in the next section. As heretofore shown, the legislature could not have intended this written notice to be served upon one of the commissioners when the county appeals. We therefore construe the statute to mean that the written notice required to be served must in such cases be served upon the claimant. Such notice not having been served upon the claimant, the circuit court was without jurisdiction, this court is without jurisdiction, and the appeal is dismissed.