RUDEN, Superintendent of Banks, Appellant, v. DALKIN, Respondent.

(251 N. W. 807.)

(File No. 7378.  Opinion filed December 19, 1933.)

*John C. Mundt*, of Sioux Falls, for Appellant.
*Peck & Wall,* of Sioux Falls, for Respondent.

POLLEY, J.  It is alleged in plaintiff's complaint that on the 3d day of August, 1925, defendant executed and delivered to the First State Bank of Sioux Falls his promissory note for $300, and that said sum of money has not been paid.

It is further alleged that on the 22d day of October, 1926, said bank suspended business and was turned over to plaintiff, who brings this action as superintendent of banks.  Thereafter, Dworsky & Dalkin, Incorporated, procured an order in the circuit court permitting it to intervene in said action, and pursuant to said order filed its complaint in intervention.  In this complaint it is alleged that said corporation is engaged in the mercantile business under the fictitious and trade-names of "The Army Store" and "The Lewis Company"; that the business of said corporation was carried on by the defendant Theo. G. Dalkin acting as agent and general manager of said corporation; that prior to and after the said 3d day of August, 1925, this intervener had on various occasions borrowed sums of money from said First State Bank through the

defendant as its manager and agent as aforesaid, and had caused and permitted defendant to execute and deliver promissory notes signed by his own name to said bank as evidence of such indebtedness of this intervener, all with the understanding and agreement on the part of the said intervener, the said bank, and defendant at the time of the execution and delivery of said notes; that at the time of the suspension of business by the said bank intervener had on deposit in a checking account in said bank the sum of $4,790.33; that at the time of said suspension the intervener was indebted to said bank in the sum of $975 and no more, which indebtedness was evidenced by three promissory notes, one of which is the note sued on in this action; that the said deposit in the said bank was in the name of "The Lewis Company," the fictitious and trade-name of this intervener as aforesaid; and that it was understood and agreed between the said bank and the defendant and this intervener at the time of the execution and delivery of the note referred to in plaintiff's complaint that, when the said note became due or at any time prior thereto, the said bank might pay the said note by deducting the amount of money due thereon from the amount so deposited in the name of the Lewis Company, and that the intervener has at all times been willing that the amount of the said note be set off against the said amount of money on deposit; that plaintiff should be compelled to set off the amount due and owing on said note against the money on deposit in the bank to the credit of the intervener; that the note should be canceled and discharged and returned to the intervener.

To this complaint in intervention the plaintiff demurred, on the ground that said complaint does not state facts sufficient to constitute a cause of action or defense to plaintiff's complaint, that there is a defect of parties defendant, and that the court has no jurisdiction of the person of the intervener or of the subject of the action. This demurrer was overruled, and plaintiff appeals.

The effect of this contract, the making of which is admitted by the demurrer, is that, as between the intervener and the defendant, the intervener is the principal debtor.

■ ■ It is contended by the appellant that the attempt on the part of the intervener to show that it is the principal debtor is an attempt to alter the terms of a written instrument by parol evidence. This result does not follow. Defendant is liable on the

note even if intervener is the principal debtor. The validity of the note is recognized according to its terms, but there is an obligation on behalf of the intervener because of the contract between· the intervener and the bank in an amount equal to the note. A very similar situation presented itself to the court in the case of Bromfield v. Trinidad National Investment Company (C. C. A.) 36 F. (2d) 646, 71 A. L. R. 542, wherein it was held in a well-reasoned opinion that parol evidence was admissible. The intervener, being a creditor of the bank, is entitled to have the amount evidenced by the note set off against its deposit in the bank. Holman v. Commercial & Savings Bank, 50 S. D. 524, 210 N. W. 730; Schaeffer v. Ruden, 61 S. D. 64, 246 N. W. 105.

The right of set off on the part of the intervener gives it an interest in the matter in litigation that entitles it to intervene. Section 2322, Rev. Code 1919. Dunn v. Nat. Bank, 11 S. D. 305, 77 N. W. 111.

The contention of appellant that the trial court had no jurisdiction of the person of the intervener or of the subject-matter of the action is wholly without merit. The circuit court had jurisdiction of the subject-matter involved as a matter of law; and the intervener, having such a right in the matter in litigation as to entitle it to intervene, gave the trial court jurisdiction over its person by filing its petition and complaint in intervention. The demurrer was properly overruled.

The order appealed from is affirmed.

All the Judges concur.