UNION BOND AND MORTGAGE COMPANY, Respondent, v. BROWN, et al, Appellants.

(269 N. W. 472.)

(File No. 7924. Opinion filed November 9, 1936.)

See, also 64 S. D. 600, 269 N. W. 474.

*W. M. Potts,* of Mobridge, and *Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*Churchill & Benson,* of Huron, for Plaintiff-Respondent.

*Longstaff & Gardner,* of Huron, for Defendant-Respondent H. P. Brown.

PER CURIAM. ■ This cause is now before us on the motion of plaintiff-respondent Union Bond & Mortgage Company to dismiss the appeal insofar as it purports to be an appeal from the order denying the motion for new trial below. The appeal has been previously dismissed to that extent as to defendant-respondent H. P. Brown upon his motion (same title (1936) 64 S. D. 600, 266 N. W. 720) upon the ground that the said H. P. Brown was an adverse party under the statute and a necessary party to the appeal, and that he was not served with notice of intention to move for new trial, nor with the transcript and specifications of error, nor with notice of motion for new trial. As to respondent H. P. Brown, therefore, the matter stands as an appeal from the judgment only upon the judgment roll. Plaintiff-respondent contends in support of its motion that the appeal, so far as it is concerned, cannot be permitted to proceed upon any broader or more comprehensive basis than as against respondent H. P. Brown. As to him, appellant has not succeeded in perfecting any appeal from the denial of his application for new trial. The guiding principle is laid down in Hayne on New Trial and Appeal, Revised Edition, p. 1122, as follows: "This test may be fairly said to be, that if the reversal or modification of the judgment or order appealed from, as contended for by the appellant, cannot be accomplished without adversely affecting the interest of the party not served with notice, failure to make such service must be held fatal to the entire appeal." That rule has been previously recognized by this court in Crouch et al v. Dak., etc., R. R. Co. (1908) 22 S. D. 263, 117 N.

W. 145. In that case notice of appeal had been duly served upon the moving respondent, but the appeal was nevertheless dismissed upon the ground that "numerous parties to an action who would be affected by a reversal or modification of an order appealed from neither joined in the appeal nor were served with notice thereof." The right of a party respondent duly served with notice of the appeal to move for the dismissal thereof because of failure to serve other parties who would be affected by a reversal or modification has likewise been recognized by this court in Sutton v. Consolidated, etc., Mining Co (1900) 12 S. D. 576, 82 N. W. 188; in Fergen v. Lonie (1926) 50 S. D. 328, 210 N. W. 102; in Sholseth v. Ind. Sch. Dist. (1929) 56 S. D. 112, 227 N. W. 483; and in Lucey v. Vilhauer (1935) 64 S. D. 54, 264 N. W. 203. A consideration of the facts in the present case shows the applicability of the principle. The trial court awarded plaintiff a money judgment in the sum of $1,608.46 against H. C. Brown (who had defaulted), A. H. Brown (the present appellant), and H. P. Brown (respondent). This judgment provided that H. C. Brown was primarily liable thereon and A. H. Brown secondarily liable thereon, and that H. P. Brown should be liable only in event plaintiff was unable to satisfy the judgment by recourse to H. C. Brown and A. H. Brown. If A. H. Brown is now permitted to raise questions against plaintiff on this appeal as an appeal from a denial of motion for new trial (which questions of course he is precluded from raising against H. P. Brown), and if upon those questions appellant should prevail against plaintiff-respondent Union Bond & Mortgage Company and it should be held that Union Bond & Mortgage Company was not entitled to any judgment as against appellant A. H. Brown, then the necessary result so far as concerns H. P. Brown would be that one of the parties to this judgment whose responsibility was prior to his would be eliminated and he would become a party secondarily liable on this judgment instead of occupying his present further deferred position. It seems clear, therefore, that the contentions which appellant may now urge as against Union Bond & Mortgage Company must be limited to those which appellant has preserved his right to review as against defendant-respondent H. P. Brown.

We do not understand appellant seriously to question the existence or propriety of the rule above stated, or its applica-

bility to the facts of this case, but appellant urges that respondent Union Bond & Mortgage Company has waived its right to invoke the rule. We think not. Under our practice no specific time is fixed for raising such a question. The rights of Union Bond & Mortgage Company in this connection are derivative from and dependent upon the rights of respondent H. P. Brown. Respondent H. P. Brown raised the question within two days after the filing of appellant's brief by motion to dismiss, which motion was granted by opinion filed April 16, 1936. Appellant then kept the matter open by moving on his part on April 22, 1936, for leave to remand the record, which motion was pending undetermined in this court until its denial on May 26, 1936. Same title, 64 S. D. 428, 267 N. W. 228. While such controversy was still awaiting final adjudication as between appellant and respondent H. P. Brown, plaintiff-respondent served its brief wherein it answered all contentions of appellant upon the merits, but at the time of serving the brief plaintiff respondent preserved its rights (if any steps so to do were necessary) by serving therewith a notice in the following form:

"To the above named appellant and to Messrs. Sterling, Clark and Grigsby, his attorneys:

"Herewith find two copies of brief of respondent in the above entitled action. This is intended as service by mailing.

"This is respondent's brief in answer to all points raised in brief of appellant.

"If, as a result of proceedings already had, or proceedings now pending in the Supreme Court, the issue on appeal should be narrowed down so as to cover only part of appellant's assignment, as to the defendant H. P. Brown, respondent reserves its right to move that the scope of appeal be correspondingly narrowed as to it."

Subsequently, and within a reasonable time after this court denied appellant's motion to remand the record (thereby finally determining that appellant had no appeal as against H. P. Brown so far as concerned the denial of his application for new trial and could not improve his situation by further proceedings in the trial court), plaintiff-respondent moved here for dismissal as to it. We think there has been no waiver.

We see no escape from the conclusion that the motion of plaintiff-respondent for the same relief previously awarded to defendant-respondent H. P. Brown must be granted, and an order will accordingly be entered dismissing this appeal as to plaintiff-respondent in so far as the same purports to be an appeal from the denial of motion for new trial below.

All the Judges concur, excepting POLLEY, P. J., absent and not sitting.