## No. 26104

**Hidden Lake Development Company and the Board of County Commissioners of the County of Adams, and the members thereof, to-wit: Jerry Grant, Jerry Yost and Ralph Anderson v. District Court in and for the County of Adams and State of Colorado and the Honorable Oyer G. Leary, one of the Judges thereof**

(515 P.2d 632)

Decided November 5, 1973.

Edward B. Towey, for petitioners.

Casey, Klene, Horan & Wegs, Donald A. Klene, for respondents.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an original proceeding under C.A.R. 21, requesting relief in the nature of prohibition.

Originally, a hearing was held before the Adams County Commissioners, resulting in a granting of a rezoning request to petitioner Hidden Lake Development Company. Other landowners in the area affected calling themselves "Citizens Concerned to Protect Hidden Lake" sought review of the Commissioners' action by certiorari to the district court. The Commissioners were the only named defendants.

Forty-two days after the rezoning decision (thirteen days after the petition for certiorari was attempted to be filed by the "Concerned Citizens" group), an amended complaint was

proffered to the court. In place of the "Concerned Citizens", two individuals, Gus and Virginia Ranzenberger, were substituted as plaintiffs, and Hidden Lake Development Company — the beneficiary of the rezoning, but not joined in the action — was added as defendant.

The day following these substitutions defendant Commissioners moved to dismiss the action. They asserted two grounds in support of the motion: (I) that the named plaintiff in the original complaint — "Citizens Concerned to Protect Hidden Lake" — lacked the capacity to sue as an unincorporated association; and (II) that the respondent court was without jurisdiction to review the decision of the Commissioners because of the failure to join the Development Company — an indispensable party — and that because of the 30-day limitation in Rule 106 it was too late to join it by amendment. The respondent court denied the motion and accepted the filing of the amended complaint. The Commissioners and Hidden Lake Development Company than sought relief in this court to prohibit the trial court from proceeding. We issued the rule to show cause, response has been filed and the issues framed. We make the rule absolute.

## I.

■ The action in respondent trial court was based on C.R.C.P. 106(a)(4). Although the complaint also carried a caption indicating that a declaratory judgment was sought, a reading of the complaint reveals it was limited to seeking review by certiorari of the Commissioners' actions and to have the rezoning resolution set aside.

C.R.C.P. 106(b) provides *inter alia:*

"* * * If no time within which review may be sought is provided by any statute, a petition for certiorari or other writ seeking to review the acts of any inferior tribunal shall be filed in the district court not later than 30 days from the final action taken by said tribunal. (Amended and effective July 30, 1970.)" (Emphasis added.)

Since the statutes on county rezoning do not provide time limits to review county commissioners' actions, the rule requiring certiorari to be brought not later than thirty days

from the date of the rezoning decision is controlling. The first complaint was filed on June 7, 1973 – the 29th day after the Commissioners' decision. The second complaint with the Ranzenbergers as plaintiffs was not filed until twelve days after the period of limitation had passed. The two new individual plaintiffs have attempted to adopt for themselves the "Concerned Citizens" petition for certiorari and to use their filing date. We hold that the "Citizens Concerned to Protect Hidden Lake" were not an entity that had capacity to bring the action, and that the one now attempted to be brought by the Ranzenbergers is not within the 30-day time limitation of Rule 106(b).

The rules of civil procedure provide two methods for suit by unincorporated associations. First, they may sue in their own name. C.R.C.P. 17. Second, they may sue as a class provided they meet the requirement of a class action. C.R.C.P. 23.2. This suit was based on C.R.C.P. 17, but it is obvious from the pleadings and record that the plaintiffs were not an unincorporated association.

Rule 17 is procedural, providing how a legally constituted entity may bring its action; it does not, however, grant the right to sue to a loosely formed group. *Thomas v. Dunne,* 131 Colo. 20, 279 P.2d 427 (1955). The status of an unincorporated association must be founded on more than a bald allegation. To sue as an unincorporated association in name only is insufficient. *Ivanhoe Grand Lodge A.F.&A.M. of Colorado v. Most Worshipful Grand Lodge of Ancient Free and Accepted Masons of Colorado,* 126 Colo. 515, 251 P.2d 1085 (1952). Such legal entity must in fact exist. Colorado has no statutes pertaining to such associations, so the common law must govern their existence. *Chilcott v. Hart,* 23 Colo. 40, 45 P. 391 (1896). It is usually characterized by having by-laws governing its organization and operation, a stated purpose for its existence, and providing for its continuity though its membership may change. There should also be responsible officers elected according to the by-laws, whose duties and responsibilities may be ascertained and upon whom valid process may be had. *Developments in The*

*Law: Judicial Control of Actions of Private Associations,* 76 Harv. L. Rev. 983, 994-998 (1963). Upon challenge as to its capacity to sue, no showing was made by the "Concerned Citizens" that they were a legally constituted unincorporated association. Since no valid legal action had been brought by a legal entity with capacity to sue, the new plaintiffs could not adopt the pleadings and filing date and make it their own.

## II.

The first complaint failed to name Hidden Lake Development Company as defendant. In *Hennigh v. County Commissioners,* 168 Colo. 128, 450 P.2d 73 (1969), we held that one whose application for a rezoning is challenged in court is an indispensable party to that proceeding. *See also Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963). The rule announced in *Hennigh* is equally applicable here. Hidden Lake Development was indisputably an indispensable party to the proceeding below. It had a right to the rezoning which was established by the action of the County Commissioners. That right cannot be abrogated by judicial action unless the company is before the court to assert its defenses.

In *Hennigh* this court dismissed an appeal holding the court's judgment a nullity when an indispensable party was not before the court. Under modern authorities, a judgment which adversely affects an indispensable party who is not joined is void. The continuation without the indispensable party has constitutional implications. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Due process of law requires that those parties whose interests are at stake be before the court. *Provident Tradesmens Bank and Trust Co. v. Lumbermens Mutual Casualty Co.,* 365 F.2d 802 (3d Cir. 1966). Colorado is in agreement with those jurisdictions which hold the failure to join an indispensable party to be such an egregious defect that the court may dismiss the action on its own motion. *Hennigh, supra; cf. Marsh v. Warren,* 126 Colo. 298, 248 P.2d 825 (1952); *see also* 3A *Moore, Federal Practice* § 19.07-2. We hold, therefore, that the first complaint should have been dismissed

for failure to join Hidden Lake Development Company as defendant. The new complaint was filed too late, and the respondent court was without jurisdiction to proceed against the petitioner Development Company.

The rule is made absolute.

MR. JUSTICE HODGES does not participate.