## No. 27522

**Alban Jack Westlund and Loleta E. Westlund, and Board of County Commissioners of Mesa County, Colorado v. Honorable James J. Carter, Judge, Twenty-First Judicial District, State of Colorado**

(565 P.2d 920)

Decided April 25, 1977.

Graham & Dufford, Laird T. Milburn, Gerald J. Ashby, for petitioner.

Muff & Lockard, Dale G. Muff, for respondent.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Pursuant to C.A.R. 21, the petitioners seek relief in the nature of prohibition. We issued a rule to show cause and now make the rule absolute.

Alban Jack Westlund and Loleta E. Westlund applied to the Mesa County planning commission to have certain real property which they own

rezoned from R-2 to PDM (Planned Development Mobile Home). The Mesa County planning commission approved the application and forwarded the zoning request to the board of county commissioners. After a public hearing was held, the county commissioners of Mesa County granted the request for rezoning.

The Orchard Mesa Citizens Advisory Group, together with Robert L. Fhuere and Brenda L. Fhuere, who owned property near the Westlunds, filed a complaint in the district court against the county commissioners to obtain review of the rezoning determination by certiorari. C.R.C.P. 106. The complaint did not name the owners of the real property as parties defendant. As a result, the county commissioners filed a motion to dismiss the complaint on the grounds that the plaintiffs had failed to join indispensable parties, to-wit: Alban Jack Westlund and Loleta E. Westlund. The motion asserted that the failure to join the owners of the real property as parties defendant constituted a fatal defect which required dismissal. The motion to dismiss was denied by the trial court, but the plaintiffs were directed to join the owners of the real property as defendants, since they were indispensable parties. In compliance with the court order, the owners of the real property were named as parties defendant, but not until after the thirty-day limitation on certiorari review of the county commissioners' rezoning decision had expired.

The Westlunds promptly filed a motion to dismiss on the grounds that the Citizens Advisory Group lacked both standing and capacity, because the court lacked jurisdiction to hear the plaintiffs' petition for review by certiorari. In response to the motion, the trial court dismissed the Citizens Advisory Group and ordered that the matter proceed to trial.

■ All of the issues which were before the trial court have been previously resolved by this court. See *Snyder v. City of Lakewood*, 189 Colo. 421, 542 P.2d 371 (1975); *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 515 P.2d 632 (1973). No good purpose would be served by reviewing the law enunciated in the *Snyder* and *Hidden Lake* cases. However, it should be axiomatic by this time that C.R.C.P. 106(a)(4) provides the exclusive remedy for challenging a rezoning determination of specific land and that the time limitations for certiorari review are delineated in C.R.C.P. 106(b). *Snyder v. City of Lakewood, supra.*

With the limitations of the rule in mind and with the guidance of the principles enunciated in *Hidden Lake Development Co. v. District Court, supra*, before us, the strength and merit of the motion to dismiss is apparent.

■ The time for perfecting the review, pursuant to C.R.C.P. 106(a)(4) had expired at the time the Westlunds were added as parties defendant. C.R.C.P. 106(b). The only difference between this case and the *Hidden Lake* case is that one proper party defendant remained in the case

after the Orchard Mesa Citizens Advisory Group was dismissed. Since the requirements of C.R.C.P. 106(b) must be construed as a statute of limitations, the failure of the plaintiffs to perfect their petition for certiorari review within thirty days constituted a fatal defect which required that the complaint be dismissed.

Accordingly, the rule is made absolute, and the district court is directed to dismiss the plaintiffs' complaint.

MR. JUSTICE CARRIGAN concurs in the result.