1998 SD 108

**Garry SCHRANK, Appellee,**

v.

**PENNINGTON COUNTY BOARD OF COMMISSIONERS, Appellant,**

and

**Alexander Drilling, Appellant.**

**Nos. 20244, 20269.**

Supreme Court of South Dakota.

Considered on Briefs April 28, 1998.

Reassigned July 30, 1998.

Decided Sept. 30, 1998.

Rehearing Denied Oct. 29, 1998.

Terry L. Hofer of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellee.

Ronald D. Buskerud, Pennington County Deputy State's Attorney, Rapid City, for appellant Pennington County Board of Commissioners.

Dennis H. Hill of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for appellant Alexander Drilling.

MILLER, Chief Justice (on reassignment).

[¶ 1.] In this appeal we affirm the circuit court's reversal of the county's granting of a conditional use permit to a drilling company.

## FACTS

[¶ 2.] Alexander Drilling and Garry Schrank are neighbors in an area of Hill City zoned "Highway Service" under the Pennington County Zoning Ordinance. Schrank operates a campground. Alexander, who owns a fourteen-acre parcel of land, operates a drilling service and makes some retail sales of water pumps and pressure tanks. In 1996, Pennington County determined Alexander's use of the property was in technical violation of the Highway Service District zoning guidelines. Alexander then applied for a conditional use permit. The Pennington County Planning Commission staff recommended approval of the permit with several

conditions. On July 16, 1996, County approved the permit for Alexander, notwithstanding the objections of Schrank, who was present at the hearing. On August 1, the conditional use permit was published. On August 2, Schrank appealed County's decision to the circuit court, with notice of the appeal served on one of County's board members. No notice of the appeal was served on Alexander.

[¶ 3.] On September 4, Alexander moved to intervene and to dismiss the appeal. The circuit judge denied the motion to dismiss, but granted Alexander the right to continue in the lawsuit to protect his interests. On August 25, 1997, the trial court reversed County's decision.

[¶ 4.] Alexander and County appeal, raising the following issues:

[¶ 5.] 1. Whether the appeal from the County decision should have been dismissed for failure to make timely service on Alexander.

[¶ 6.] 2. Whether County acted lawfully in granting a conditional use permit to Alexander.

**DECISION**

[¶ 7.] **1. The trial court did not err in refusing to dismiss the appeal for failure to personally serve Alexander.**

■ [¶ 8.] Alexander and County argue that the trial court lacked jurisdiction in this case because Alexander was not personally served with the notice of appeal. We disagree.

[¶ 9.] This appeal was brought under SDCL 7–8–29, which provides, in relevant part, that "[s]uch appeal shall be taken within twenty days after the publication of the decision of the board by serving a written notice on *one of the members of the board* [.]"[1] (Emphasis added). That statutory language plainly and clearly provides that notice be served on "one of the members of the

board." In this case such notice was given, and thus, the statute was followed. It is important to remember that Schrank was not statutorily required to serve notice on Alexander.

[¶ 10.] Because the statute was strictly followed, there was no lack of subject matter jurisdiction. The Supreme Court of Connecticut, when faced with a situation similar to the present one, held:

[I]t is clear that the failure initially to join one whose presence is essential for a complete adjudication of an administrative appeal is a defect not involving subject matter jurisdiction[.] *Only when the statute authorizing the appeal requires a designated person to be made a party* does the failure to do so constitute noncompliance with its terms and thus involve subject matter jurisdiction.

*Fong v. Planning and Zoning Bd. of Appeals,* 212 Conn. 628, 563 A.2d 293, 298 (1989) (emphasis added)[2] (citing *Simko v. Zoning Bd. of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987)); *see also C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.,* 112 N.M. 89, 811 P.2d 899 (1991) (holding that the test of indispensability of a party is not a jurisdictional one). We agree with the rationale of the Connecticut court, and hold that there could be no lack of subject matter jurisdiction because the notice statute was strictly followed in the present case.

[¶ 11.] Alexander and County principally rely on our decision in *Lyman County v. Bd. of Comm'rs,* 14 S.D. 341, 85 N.W. 597 (1901). In that case we were looking at a predecessor statute to SDCL 7–8–29, and held that the circuit court lacked jurisdiction because the claimant was never served, even though the statute did not require that he be served. *Id.* at 346, 85 N.W. at 598. However, that case dealt with a lack of personal jurisdiction, not subject matter jurisdiction. Therein we held:

---

1. Interpretation of a statute is a question of law we review de novo. *Moss v. Guttormson,* 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17. We will give a statute its plain and ordinary meaning when possible. *In re Estate of Gossman,* 1996 SD 124, ¶ 6, 555 N.W.2d 102, 104.

2. Connecticut has since amended its notice statute to require service of process on an applicant whose "rights, duties or privileges were determined by the board whose decision has been appealed."

[T]he claimant was not notified of the appeal to the circuit court, and ... he was not notified of the appeal from that court to this, it [therefore] follows that neither the circuit court nor this court ever acquired jurisdiction of the *claimant's person,* or had authority to hear and determine his right to the compensation alleged to be due him from Lyman county.

*Id.* (emphasis added).

[¶ 12.] *Lyman County* does not apply. Here, there is no claimed defect in personal jurisdiction. Alexander sought and was permitted to intervene under SDCL 15–6–24(a). Therefore, the circuit court clearly had personal jurisdiction over him. *See Ruden v. Dalkin & Dalkin,* 62 S.D. 66, 251 N.W. 807 (1933).

[¶ 13.] Alexander and County also raise due process concerns. Their arguments totally lack merit. "[D]ue process requires only reasonable notice and an opportunity to be heard at a 'meaningful time and in a meaningful manner.'" *S.B. Partnership v. Gogue,* 1997 SD 41, ¶ 16, 562 N.W.2d 754, 758–59 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18, 32 (1976) (other citation omitted)). Alexander was provided adequate due process as he was allowed to intervene on appeal to the circuit court and present his argument. The purpose of the notice requirement was met and all the parties were given the opportunity to be heard. Alexander has not shown how he was prejudiced by not being served with notice.

[¶ 14.] **2. County did not act lawfully in granting a conditional use permit to Alexander.**

■ [¶ 15.] Alexander and County first take issue with the standard of review applied by the circuit court. SDCL 7–8–30 provides that all appeals taken to the circuit court from a decision by the county board "shall be heard and determined de novo." We held in *Sioux Valley Hosp. v. Jones County,* 309 N.W.2d 835, 837 (S.D.1981), that this standard means "the circuit court should determine anew the question ... independent of the county commissioner's decision." We have also held in regards to SDCL 7–8–

30 that "the trial court should determine the issues before it on appeal as if they had been brought originally. The court must review the evidence, make findings of fact and conclusions of law, and render judgment independent of the agency proceedings." *Keogan v. Bergh,* 348 N.W.2d 462, 464 (S.D. 1984).

[¶ 16.] This was the standard applied by the circuit court. Alexander and County claim that it was incorrect, relying on what we have held a "trial de novo" means in the context of appeals from school boards. *See Moran v. Rapid City Area School Dist.,* 281 N.W.2d 595 (S.D.1979); *Dunker v. Brown County Bd. of Educ.,* 80 S.D. 193, 121 N.W.2d 10 (1963). In those cases we held that a "trial de novo" must be considered differently than an actual de novo review because of the doctrine of separation of powers. We held:

A trial de novo ... is not a trial de novo in the true sense of the phrase. It is a limited type of hearing at which the circuit court takes evidence and hears testimony solely for the purpose of determining the legality, and not the propriety, of the school board's decision.... It differs from a true trial de novo in that the court may not substitute its judgment for that of the school board, and the court need not justify the school board's decision by a preponderance of the evidence received.

*Moran,* 281 N.W.2d at 598 (citations omitted).

[¶ 17.] The trial court did not err. Alexander and County strain to twist what was really decided in this case: Did County act unlawfully? That is a question of law. The circuit court took evidence and determined that County did act unlawfully. It was not determining the propriety of County's decision, but rather its legality. *See id.*

[¶ 18.] Alexander and County also cite to our case of *Olson v. City of Deadwood,* 480 N.W.2d 770, 774–75 (S.D.1992), to show a similar standard of review as between school boards and municipal boards of adjustment. The *Olson* case adopted a standard that was dicta in *Graves v. Johnson,* 75 S.D. 261, 63 N.W.2d 341 (1954). In *Graves* we held:

As to a decision by a board of adjustment made pursuant to the provisions of [SDCL 11–4–25 through 29], the question on a review is whether an order of the board is supported by substantial evidence and is reasonable and not arbitrary. No such issue as to the discretion of the board arises under the facts here presented. The board had no power to permit a prohibited use, that being a legislative power vested only in the city commission.

*Id.* at 266, 63 N.W.2d at 344.

[¶ 19.] Likewise, what was at issue in the present case was the legality of County's decision. It was not a question of discretion, but a question of law.

[¶ 20.] "Zoning regulations are generally interpreted according to the rules of statutory construction and they may also be subject to rules of construction included in the regulations themselves." *Cordell v. Codington County,* 526 N.W.2d 115, 117 (S.D. 1994) (citing 83 Am.Jur.2d *Zoning and Planning* § 698 (1992)). In interpreting statutes, we are to give words and phrases their plain meaning and effect. *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984). County's zoning ordinance also provides that the words used in it are "to be understood in their ordinary sense[.]" The meaning of terms in a zoning regulation is a matter of law for the court. *Cordell,* 526 N.W.2d at 117.

[¶ 21.] Alexander's drilling service is located in an area zoned "Highway Service" (HS), as defined in section 210 of the Pennington County Zoning Ordinance. Section 204F of the ordinance discusses conditional uses as follows:

Within each district there are certain uses which are permitted as a conditional use in accordance with the provisions contained in Section 510—Conditional Use Permits. The listed conditional uses under each district are illustrative of those which the Commission and the Board may approve temporarily, permanently, or for a specific time interval. Other uses may be allowed which are not listed *provided they are not contrary to the intent of the district* in which they are to be located. (Emphasis added.)

[¶ 22.] The intent of an HS district is "to establish areas for highway-oriented business and to provide development standards that will not impair or obstruct the traffic carrying capabilities of abutting roads and highways." Permitted uses include such things as hotels, restaurants, retail businesses, and commercial recreation and amusement structures. There are also listed examples of conditional uses which include: "(1) Golf driving ranges; (2) drive-in theaters; (3) racetracks; and (4) other highway oriented businesses which are not listed but which the Commission may determine meet the intent of the highway service district. This shall not be construed to include general commercial activities which more appropriately fit the general commercial district."

[¶ 23.] The circuit court did not err in determining that Alexander's business was not a permissible conditional use for an HS district. It appears that Alexander's business is one that meets the criteria for a Light Industrial District (LI). An LI district includes things such as manufacturing, wholesaling, distributing, warehousing, bulk storage, building materials sales yard, contractor's equipment storage yard, and a freight or truck yard, etc.

[¶ 24.] Alexander operates an off-site well drilling business in which heavy equipment is used. While it does involve some retail sales, such activity constitutes ten percent or less of his business. His property's main use is as a terminal for heavy equipment, a bulk storage yard for pipe, a warehouse for equipment and materials, and a truck and equipment yard. On two separate occasions Alexander sought to have the district rezoned to an LI district. County refused to rezone the district and even indicated that Alexander's use of the property is such as would normally be permitted in an LI district. By looking at the listed permitted uses and conditional uses, the intent of an HS district can be seen. Not only does Alexander's operation not meet the intent of an HS district, it appears to be repugnant thereto.

[¶ 25.] The residents of Pennington County have a right to rely on the protections provided them by the zoning ordinance. *See*

*Save Centennial Valley Ass'n, Inc. v. Schultz,* 284 N.W.2d 452, 457 (S.D.1979). County cannot disregard the clear intent of the zoning ordinance by placing this well drilling business in an HS district where it clearly does not belong. *See id.* County exceeded its jurisdiction by ignoring this intent. *See id.* We affirm the circuit court in all respects.

[¶ 26.] Affirmed.

[¶ 27.] KONENAMP and GILBERTSON, JJ., concur.

[¶ 28.] AMUNDSON, J., and MARTIN, Circuit Judge, dissent.

[¶ 29.] MARTIN, Circuit Judge, sitting for SABERS, J., disqualified.

MARTIN, Circuit Judge (dissenting).

[¶ 30.] I dissent from the majority's decision that the trial court did not err in refusing to dismiss the appeal for failure to personally serve Alexander.

[¶ 31.] On August 1, 1996, the conditional use permit granted to Alexander was published. Schrank, on August 2, 1996, appealed this decision to circuit court. Service of the appeal was made on one of the members of the board of county commissions on August 2, 1996. No notice of appeal was ever served on Alexander. I repeat, no notice of appeal was ever served on Alexander.

[¶ 32.] On September 4, 1996, which was past the twenty-day limit for service, Alexander made two motions, to wit: motion to intervene to move to dismiss and intervenor's motion to dismiss. The majority states that Alexander moved to intervene *and* to dismiss the appeal. (Copies of these motions are attached to this opinion for incorporation and review.) It is crystal clear from the attached motions and the record that Alexander moved to intervene in the first instance to challenge the jurisdiction of the court and dismiss the action because of the failure of Schrank to make *timely* service on Alexander of the notice of appeal. When the circuit court denied the motion to dismiss, Alexander then asked to continue in the lawsuit to protect its interests, which the trial court allowed.

DECISION

[¶ 33.]The trial court should have dismissed this lawsuit pursuant to Alexander's motion to dismiss because Alexander was not timely served with a notice of appeal.

[¶ 34.] According to SDCL 7–8–29, the appeal "shall be taken *within twenty days* after the publication of the decision of the board by serving a written notice on one of the members of the board (county commissioners) when the appeal is taken by any person aggrieved by the decision of the board." (Emphasis added.)

[¶ 35.] It is conceded that Shrank fulfilled the statutory requirement. However, he did not timely serve Alexander with notice of the appeal and this requirement is not confined to statute. The South Dakota Constitution, Article VI, § 2, provides that "[n]o person shall be deprived of life, liberty or property *without due process of law.*" "It is rudimentary that a statute must serve and cannot abrogate the Constitution." *Kane v. Kundert,* 371 N.W.2d 172, 175 (S.D.1985).

[¶ 36.] Even though SDCL 7–8–29 does not expressly provide that a successful applicant for some county decision must be joined in an appeal of that county decision, such joinder is required by due process and, without this joinder, the circuit court has no *jurisdiction* to hear the appeal. *Lyman County v. Board of Com'rs.,* 14 S.D. 341, 85 N.W. 597 (1901). In *Lyman* a person had made a claim against the county and his claim was approved. Subsequently, the decision of the county board of commissioners was appealed, however, the claimant was not given notice of the appeal. Our Supreme Court stated:

> How [claimant's] claim against the county can be lawfully adjudicated in a proceeding to which he is not a party, and of which he has no notice, is beyond our comprehension. It is absurd to say that his claim could be reduced by the circuit court ... without his having any opportunity to be heard. *The legislature could not have intended any such ridiculous result, and if it did the procedure would be clearly unconstitutional, as depriving the claimant*

*of his property without due process of law.* Const. Art. 6, §§ 2, 20."

14 S.D. at 345–46, 85 N.W. at 598. (Emphasis added.)

[¶ 37.] If the reversal or modification of the judgment or order appealed from cannot be accomplished without adversely affecting the interest of the party not served with notice, failure to make such service must be held fatal to the entire appeal. *City of Sioux Falls v. Naused,* 88 S.D. 14, 214 N.W.2d 74 (1974); *Morrell Livestock Co. v. Stockman's Commission Co.,* 77 S.D. 114, 86 N.W.2d 533 (1958); *Millard v. Baker,* 76 S.D. 529, 81 N.W.2d 892 (1957); *Union Bond & Mortgage Co. v. Brown,* 64 S.D. 596, 269 N.W. 472 (1936).

[¶ 38.] Alexander was entitled to timely notice of the appeal pursuant to our constitution requiring due process, and pursuant to well-established case law.

*A. There is no subject matter jurisdiction.*

[¶ 39.] Alexander was not only entitled to be served with proper notice but also that the service be *timely* made.

*1. Proper Notice.*

[¶ 40.] The South Dakota Constitution requiring due process entitled Alexander to be served with notice of the appeal. Without service there is no jurisdiction. In *Lyman,* 14 S.D. at 346, 85 N.W. at 598, it was stated: "We therefore construe the statute to mean that written notice required· to be served must in such cases be served upon the claimant. *Such notice not having been served upon the claimant, the circuit court was without jurisdiction, this court is without jurisdiction, and the appeal is dismissed."* (Emphasis added.)

[¶ 41.] This lack of jurisdiction included subject matter jurisdiction. Subject matter jurisdiction is defined as "... the power to hear and determine cases of the general class to which the proceedings in question belong. 21 CJS *Courts* § 23." *Mellette County v. Arnold,* 76 S.D. 210, 215–16, 75 N.W.2d 641, 644 (1956). The majority states that *Lyman, supra,* dealt with a lack of personal jurisdiction only. I disagree. *Lyman* dealt with a lack of personal jurisdiction and subject matter jurisdiction, to wit:

[T]he claimant was not notified of the appeal to the circuit court, and ... he was not notified of the appeal from that court to this, it [therefore] follows that neither the circuit court nor this court ever acquired *jurisdiction* of the claimant's person, *or had authority to hear and determine his right* to the compensation alleged to be due him from Lyman county.

14 S.D. at 346, 85 N.W. at 598. (Emphasis added.) The "[authority] to hear and determine" is subject-matter jurisdiction. Because there was no proper service made the circuit court could not exercise its authority to hear and determine the matter before it.

[¶ 42.] Let me clarify. "In order to act in a case, a court must be vested with both jurisdiction over the subject matter and jurisdiction over the parties." 20 Am.Jur.2d *Courts* § 70 at 383. Subject-matter jurisdiction cannot be exercised until there is proper and timely service. 21 CJS *Courts* § 10, fn. 51; *Lyman, supra.* The circuit court in this case certainly had the power and/or authority to hear and determine this type of case, but until there was proper and timely service upon Alexander (personal jurisdiction), it cannot exercise that power.

[¶ 43.] When the circuit court is without jurisdiction of the subject matter in litigation, the Supreme Court does not acquire jurisdiction by appeal to it from a judgment of the circuit court. *In Re Mackrill's Addition,* 85 S.D. 196, 201, 179 N.W.2d 268, 270 (S.D. 1970).

*2. Timely Service.*

·[¶ 44.] SDCL 7–8–29 requires that any appeal be taken within twenty days after the publication of the decision of the board. This time limit would certainly be applicable to Alexander as well as Schrank. Thus, a limitation on the action exists. *Grieves v. Danaher,* 60 S.D. 120, 243 N.W. 916, 918 (1932), provided "a valid notice of appeal within the time prescribed by law is essential to give (an appellate) court jurisdiction of the *subject-matter* (and such) court has no power to extend the time for taking an appeal by

serving the statutory notice." Even though Alexander appeared in court to intervene (which it had a perfect right to do) it was after the twenty days. The trial court, like any appellate court, "is without jurisdiction of an untimely appeal," and the acts of the parties cannot restore that jurisdiction. *Long v. Knight Const. Co., Inc.*, 262 N.W.2d 207, 209 (S.D.1978).

[¶ 45.] In other words, a valid notice of appeal must have been taken within twenty days and Alexander must have been served. When the twenty days passed the court no longer had any subject matter jurisdiction. Alexander's appearance cannot give jurisdiction of an untimely appeal. Subject-matter jurisdiction cannot be waived. *Application of Koch Exploration Co.*, 387 N.W.2d 530 (S.D.1986).

[¶ 46.] The trial court did not have nor does this Court have subject-matter jurisdiction.

*B. There is no personal jurisdiction.*

[¶ 47.] The majority states "here, there is no claimed defect in personal jurisdiction." This is not accurate for the following reasons:

1. Early in the majority opinion they state just the opposite, to wit: "Alexander and County argue that the trial court lacked jurisdiction in this case because Alexander was not personally served with the notice of appeal."

2. Alexander's court papers read as follows: "Motion to Intervene the defense stated in the accompanying 'Intervenor's Motion to Dismiss' may be presented. Copies of these court documents are attached hereto and incorporated herein by this reference. Alexander clearly intervened in the first instance to move for dismissal because of a lack of timely service of the notice of appeal asserting the court was without personal jurisdiction. Further, that the time for appeal had expired."

3. Contained within the Intervenor's Motion to Dismiss, and in support thereof is cited the *Lyman* case with quotes therefrom and the argument that the court has no jurisdiction, including personal jurisdiction, over Alexander. The majority states that the *Lyman* case only dealt with a lack of personal jurisdiction and yet notwithstanding the fact that Alexander cites this case as support for its motion to dismiss, the majority states that in this case Alexander makes no claim of a lack of personal jurisdiction. Further, the record is replete with argument by Alexander of the necessity of its being personally and timely served and citing the *Lyman* case as supporting authority.

[¶ 48.] Alexander had the right to intervene, pursuant to SDCL 15–6–24, in that it had a direct interest in the litigated matter and would be affected by the court's decision. Additionally, pursuant to SDCL 15–6–12, Alexander had the right to appear and challenge jurisdiction, both personal and subject-matter, without waiver of personal jurisdiction. *Williams Ins. v. Bear Butte Farms Ptnp.*, 392 N.W.2d 831 (S.D.1986). The distinction between general and special appearances has been eliminated and defenses to jurisdiction must be raised by motion or answer. *Matter of JWW*, 334 N.W.2d 513 (S.D. 1983). Alexander properly raised the personal and subject-matter jurisdictional issues by motion. It did nothing to waive personal jurisdiction and properly preserved the issue of jurisdiction on appeal.

[¶ 49.] The case of *Ruden v. Dalkin & Dalkin*, 62 S.D. 66, 251 N.W. 807 (1934) cited by the majority in support of personal jurisdiction over Alexander, is totally inapplicable. In that case, the defendant intervened because of an interest in the litigation and did so without reservation of any question of jurisdiction. In other words the intervenor did not raise any jurisdictional (personal or subject matter) issue with the court. The case is not authority for the factual situation at present.

[¶ 50.] The majority also say that Alexander's due process concerns totally lack merit, apparently because it had the opportunity to present its case after its motion to dismiss was denied. However, in addition to the opportunity to be heard, a person is entitled to reasonable notice, which includes proper

and timely service thereof. The majority also states that Alexander has not shown how he was prejudiced by not being served with notice. Is the majority now holding that if anyone wants to challenge the insufficiency of service of process, improper service, or allege no service at all, that they must now show prejudice or else they may be in the lawsuit? Frankly, Alexander does not have to show any prejudice. Alexander only had to show it was not properly nor timely served with notice, which it did.

[¶ 51.] The procedure set out in SDCL 7–8–29 is clearly unconstitutional. Our Supreme Court stated this in 1901 and it still holds true. The only way around this obvious constitutional deficiency is for the majority to hold that Alexander waived personal jurisdiction by appearing in court. The attached motions of Alexander and the record in this case clearly show otherwise.

[¶ 52.] The majority has converted an appearance by Alexander to challenge jurisdiction into a waiver of personal jurisdiction and a waiver of due process. I believe this is not supported by the facts in this case and sets a very dangerous precedent.

[¶ 53.] I am authorized to state that Justice AMUNDSON joins in this dissent.

## ATTACHMENT

STATE OF SOUTH DAKOTA

SS.

COUNTY OF PENNINGTON

Appellant,

GARRY SCHRANK,

vs.

PENNINGTON COUNTY BOARD

OF COMMISSIONERS,

Respondent,

and

ALEXANDER DRILLING,

Hill City, South Dakota,

Intervenor/Appellee.

IN CIRCUIT COURT SEVENTH JUDICIAL CIRCUIT

## MOTION TO INTERVENE TO MOVE TO DISMISS

Comes now Intervenor/Appellee and moves this Court, pursuant to SDCL 15–6–24, for its order granting him leave to intervene in this appeal so that the defense stated in the accompanying "Intervenor's Motion to Dismiss" may be presented. Intervenor/Appellee, as the successful applicant for the Conditional Use Permit that is the subject of this appeal, is an indispensable party, *Spanish Wells Prop. Owners v. Bd. of Adj.*, 295 S.C. 67, 367 S.E.2d 160 (1988); *Schroeder v. Burleigh Cty. Bd. of Com'rs.*, 252 N.W.2d 893 (N.D.1977), in that the disposition of this appeal may impair or impede his ability to protect his rights under that Permit, and the defense raised in the accompanying "Intervenor's Motion to Dismiss" is a meritorious one. Intervenor/Appellee accordingly urges this Court to grant his motion.

Dated this 4th day of September, 1996.

STATE OF SOUTH DAKOTA

SS.

COUNTY OF PENNINGTON

GARRY SCHRANK,

Appellant,

vs.

PENNINGTON COUNTY BOARD OF COMMISSIONERS,

Respondent,

and

ALEXANDER DRILLING,

Hill City, South Dakota,

Intervenor/Appellee.

IN CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT

## INTERVENOR'S MOTION TO DISMISS

Intervenor/Appellee [hereinafter Alexander] moves this Court to dismiss this appeal for failure to timely join an indispensable party. This action is an appeal, brought by the Appellant [hereinafter Schrank] from an action of the Board of the Pennington County Commissioners, taken July 16, 1996, approv-

ing Alexander's application for a Conditional Use Permit under the Pennington County Zoning Ordinance. Schrank did not join Alexander as a party, and has never served Alexander with his Notice of Appeal nor with any other pleading in this matter.

It has been settled law in South Dakota, ever since *Lyman County v. Board of Com'rs.*, 14 S.D. 341, 85 N.W. 597, 598 (1901), that even though SDCL 7–8–29 does not expressly provide that a successful applicant for some County decision must be joined in an appeal of that County decision, such joinder is required by due process, and without this joinder, the Circuit Court has no jurisdiction to hear the appeal. As *Lyman County* explains, how the successful applicant's case with

> the county can be lawfully adjudicated in a proceeding to which he is not a party, and of which he has no notice, is beyond our comprehension. It is absurd to say that his claim could be [decided] by the circuit court ... without his having any opportunity to be heard. *The legislature could not have intended any such ridiculous result, and if it did the procedure would be clearly unconstitutional, as depriving the claimant of his property without due process of law* .... As it appears from the record before us that the claimant was not notified of the appeal to the circuit court, and that he was not notified of the appeal, from that court to this, it follows that neither the circuit court nor this court ever

acquired jurisdiction of the claimant's person, or had authority to hear and determine his [rights].

(Emphasis supplied).

While *Lyman County* involved a claim for payment for services rendered, the rule is the same when the appeal involves a successful application for a zoning change. *See, e.g., Spanish Wells Prop. Owners v. Bd. of Adj.*, 295 S.C. 67, 367 S.E.2d 160, 161 (1988); *Schroeder v. Burleigh Cty. Bd. of Com'rs.*, 252 N.W.2d 893, 897 (N.D.1977) ("a successful applicant for a zoning change should be joined as a party to an appeal from that decision by an aggrieved person, and any judgment rendered on appeal in his absence is invalid.") And, because the time for appeal has now expired, Alexander cannot be properly joined, and this action must be dismissed. *Veradale Valley, Etc. v. Board of Cty. Com'rs.*, 22 Wash.App. 229, 588 P.2d 750 (1978); *Westlund v. Carter*, 193 Colo. 129, 565 P.2d 920 (1977); *Hidden Lake Development Co. v. District Court*, 183 Colo. 168, 515 P.2d 632 (1973).

Dated this 4th day of September, 1996.