2001 SD 149

**John TISDEL and Peggy Tisdel, Petitioners and Appellants,**

v.

**BEADLE COUNTY BOARD OF COMMISSIONERS, Defendant and Appellee.**

**No. 21900.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 13, 2001.

Decided Dec. 26, 2001.

Robert V. Haeder of Blue & Haeder, Huron, for appellants.

Michael R. Moore, Beadle County State's Attorney, Huron, for appellee.

AMUNDSON, Justice.

[¶ 1.] John and Peggy Tisdel (Tisdels) were denied a variance from a setback ordinance by the Beadle County Board of Commissioners (Commission). Tisdels appealed the Commission's decision to the Third Judicial Circuit Court, which held the decision of the Commission was not arbitrary and capricious. Tisdels appeal the circuit court's decision. We affirm.

## FACTS

[¶ 2.] Tisdels own a cabin on Lake Byron in Beadle, South Dakota. They re-

ceived a permit to build a deck onto their cabin in May of 1998. Tisdels then enclosed the deck, which was later determined to violate Section 1206 of the zoning ordinances of Beadle County, which provides:

> Minimum Setback Requirements. Each structure shall be set back not less than thirty (30) feet or the average setback in alignment with the adjoining property main structure from the normal high watermark. The road or front yard setback shall not be less than fifteen (15) from the property line, not from the public right-of-way or center of road. Each side yard shall not be less than seven (7) feet. Additional tiers of lots that do not have a shoreline frontage shall have a frontage width of not less than fifty (50) feet and a depth of not less than one hundred fifty (150) feet. Variances will be granted for setbacks only with special circumstances.

[¶ 3.] On June 24, 1999, the Director of Equalization, Pam Severance, (Director) sent Tisdels a letter notifying them that the enclosed deck was in violation of the setback ordinance and that a variance would be required. Tisdels submitted a variance application for the enclosed deck in response to Director's letter. The variance application was presented to the County Planning Board, which recommended a denial of the variance. Then, on July 20, 1999, the Commission held a hearing and heard testimony from Tisdels, an adjoining landowner, the Beadle County Zoning Administrator and the Planning Commission.[1] The Commission held a second hearing in April of 2000. Finally, the Commission entered a finding that denied Tisdels' request for a variance and gave them sixty days to comply with the setback requirement.[2]

[¶ 4.] Tisdels next appealed the Commission's decision to circuit court. The court held that the Commission had not acted arbitrarily or capriciously, and therefore affirmed the Commission's decision. Tisdels appeal raising the following issue:

> **Whether the trial court erred in holding that the Commission did not act in an arbitrary and capricious manner.**

## STANDARD OF REVIEW

[¶ 5.] A review of the circuit court's decision in this case requires us to apply the clearly erroneous standard to factual findings. *Coyote Flats, L.L.C. v. Sanborn County Comm'n*, 1999 SD 87, ¶ 7, 596 N.W.2d 347, 349. Under this standard, we do not analyze "whether this Court would have made the same finding that the trial court did," but rather we look at "whether on the entire evidence we are left with a definite and firm conviction that

---

1. Tisdels hired a surveyor, to measure the watermark in preparation for the hearing. According to the surveyor, the structure was forty-one feet above the high watermark, using the dam of the lake as the measuring point. Thus, Tisdels asserted to the Commissioners that they were in compliance with the thirty-foot setback requirement, and therefore argued no variance was required. The Commission, on the other hand, after receiving a report from the Department of Environment and Natural Resources establishing that there was no dam from which to measure, hired a surveyor who measured from the vegetation line. The Commission decided the vegetation line was the appropriate measuring point, which was between 9 and 13.5 feet from the structure, in violation of the setback ordinance. *See Beadle County Ordinance Section 1207* (providing in pertinent part, "In locations where sufficient data on known high water levels are not available, the elevation of the line of permanent terrestrial vegetation shall be used as the estimated high water elevation.")

2. Tisdels later applied for, and received, an additional sixty-day extension in order to attempt to work out a compromise.

a mistake has been committed." *Estate of Roehr*, 2001 SD 85, ¶ 4, 631 N.W.2d 600, 601 (citation omitted). We, however "accord no deference to the legal conclusion of the circuit court" when the appeal involves a circuit court's review of a county board's decision. *Coyote Flats, LLC*, 1999 SD 87 at ¶ 7, 596 N.W.2d at 349.

## DECISION

 [¶ 6.] The laws of this state permit anyone aggrieved by a county commission's decision to appeal to circuit court. *See* SDCL 7-8-27; *Tri County Landfill Ass'n, Inc. v. Brule County*, 535 N.W.2d 760, 762 (S.D.1995). The legislature permitted such appeals "to strike a proper balance between the necessity of county government to operate in an efficient and orderly fashion and the right of its citizens to pursue injustices in the courts of this state through an appeal process." *Weger v. Pennington County*, 534 N.W.2d 854, 858 (S.D.1995). Once an aggrieved party appeals a county commission's decision, "'the circuit court should determine anew the question . . . independent of the county commissioner's decision.'" *In re Conditional Use Permit Denied to Meier*, 2000 SD 80, ¶ 21, 613 N.W.2d 523, 529 (quoting *Sioux Valley Hosp. v. Jones County*, 309 N.W.2d 835, 837 (S.D.1981)). *See also, Schrank v. Pennington County Bd. of Comm'rs.*, 1998 SD 108, ¶ 14, 584 N.W.2d 680, 682 (stating "[t]he court should determine the issues before it on appeal as if they had been brought originally . . . [and] review the evidence, make findings of fact and conclusion of law, and render judgment independent of the agency proceedings") (quoting *Keogan v. Bergh*, 348 N.W.2d 462, 464 (S.D.1984)). While doing its de novo review, however, this Court has instructed circuit courts to "not sit as a one man board of adjustment." *In re Conditional Use Permit Denied to Meier*, 2000 SD 80 at ¶ 22, 613 N.W.2d at 529. Rather, the trial court must:

determine anew all matters of fact without ascribing any presumption of correctness to the Board's finding on the evidence. . . . Once the [t]rial [c]ourt finds the facts, it is to determine if the actions of the [b]oard were arbitrary or capricious, i.e., whether the actions of the [b]oard were based on personal, selfish, or fraudulent motives, or on false information, [or] . . . characterized by a lack of relevant and competent evidence to support the action taken.

*Id.* (citation omitted). If the court finds a board's decision was "arbitrary or capricious, it should reverse the decision and remand to the [b]oard for further proceedings." *Id.* If, however, there is no evidence of "personal, selfish or fraudulent motives, or . . . false information," the circuit court must affirm the board's decision. *Coyote Flats, L.L.C.*, 1999 SD 87 at ¶ 16, 596 N.W.2d at 351–52.

 [¶ 7.] The circuit court determined that "the Commission went to great lengths to accommodate . . . [Tisdels]." Namely, the Commission held two public hearings, reviewed evidence submitted by Tisdels, hired an independent surveyor to make a determination of the location of the high watermark, consulted the Department of Environment and Natural Resources (DENR) concerning the high watermark, and made an on-sight inspection. Tisdels allege, however, that Director based her measurements on inappropriate, non-expert guides. They also argue the expert hired by the Commission to determine if Tisdels were in violation of the ordinance was wrongly influenced by Director, and that the measurement should have been taken from the dam, not the vegetation line. This, Tisdels allege, resulted in the use of false information, and was therefore arbitrary and capricious.

[¶ 8.] These bare assertions do not dissuade this Court from following the trial

court's decision. Tisdels have not adequately defined where or why the trial court erred. *See Coyote Flats, LLC*, 1999 SD 87 at ¶ 1, 596 N.W.2d at 349 (defining the standard of review). The only statement Tisdels make in their brief in an attempt to sway us to reverse the trial court was that the measurements used by the Commission were wrong, which allegedly distorted the meaning of the setback ordinance and resulted in false information. The Commission, however, had valid support for its use of the vegetation line as the measuring point, as the DENR informed the Commission that no dam existed on Lake Byron. Therefore, the DENR recommended using physical evidence, like the vegetation line, to determine the high watermark. This method was also utilized in Section 1207 of the Zoning Ordinances for Beadle County. Thus, a rational basis existed for the Commission's decision.

[¶ 9.] The trial court, based upon the facts presented, found that the Commission's decision was founded on competent evidence and was not arbitrary and capricious. The Commission adequately backed its decision with measurements by experts, DENR findings and ordinances. As we have held in the past, that is all that is required. *See Coyote Flats, L.L.C.*, 1999 SD 87 at ¶ 16, 596 N.W.2d at 351. The trial court found that Tisdels failed to carry the burden of proving the Commission acted with "personal, selfish or fraudulent motives" or on false information, and we agree with that finding. *Id.*

[¶ 10.] Affirmed.

[¶ 11.] GILBERTSON, Chief Justice, and SABERS and KONENKAMP, Justices, and GORS, Acting Justice, concur.